Argued September 10, 1968, reversed and remanded February 13,
petition for rehearing denied May 21, second petition for
rehearing denied June 17, 1969

## VANEK, *Appellant, v.* KIRBY et al,
### *Respondents.*

450 P2d 778
454 P2d 647

*Ralph C. Barker,* Portland, argued the cause for appellant. With him on the briefs were Buss, Leichner, Lindstedt, Rose & Sipprell, Portland.

*Roland F. Banks, Jr.,* Portland, argued the cause for respondent Ford Motor Company. With him on the brief were Mautz, Souther, Spaulding, Kinsey & Williamson, Portland.

Before PERRY, Chief Justice, and O'CONNELL, DENECKE, LUSK* and MENGLER, Justices.

O'CONNELL, J.

This is an action to recover damages for personal injuries suffered by plaintiff when a car in which he was riding left the road and struck a power pole. A motion for a voluntary nonsuit was granted with re-

---

* Lusk, J., did not participate in this decision.

spect to the action against Lynn Kirby Ford. Plaintiff appeals from a judgment on the pleadings entered in favor of defendant Ford Motor Company.

Plaintiff's complaint, as finally amended, contained the following allegations:

"IV

"That prior to December 10, 1964, one Terrence Crogg had purchased from the defendants a Ford automobile. That said automobile on or about December 10, 1964, was returned to the Lynn Kirby Ford premises for repairs, and a new 1965 Ford automobile was entrusted to said Terrence Crogg for use while the automobile purchased by Terrence Crogg was being repaired.

"V

"The defendants, Ford Motor Company and Lynn Kirby, supplying for distribution and sale to the general public said 1965 automobile impliedly warranted that it was of merchantable quality and reasonably fit and suitable for its general purpose and ordinary use, to-wit: use as a vehicle for transportation.

"VI

"That on or about December 10, 1964, at approximately 9:30 p.m. the plaintiff was riding as a passenger in said 1965 Ford referred to above being operated by Terrence Crogg on Millplain Boulevard near Andresen Road in Vancouver, Washington, when said vehicle became uncontrollable in normal operation by said Terrence Crogg, and said vehicle left said highway, striking a power pole, causing the permanent, painful personal injuries to the plaintiff hereinafter more particularly set forth * * *.

"VII

"Said vehicle was not, in fact, of merchantable quality or fit for its general purpose as warranted

by the defendants, and each of them, in that said vehicle could not be kept on said highway during its normal use as a vehicle for transportation.

## "VIII

"That on or about December 10, 1964, and numerous times thereafter, defendants were notified that the aforesaid automobile was not of the quality warranted.

## "SECOND COUNT

"Plaintiff realleges and incorporates by reference as if here fully set forth, paragraphs I, II, III, IV, and VI inclusive of the First Count of this Complaint.

## "I

"That the defendants, and each of them, through their agents and employees had knowledge, or should have known, that said vehicle was defective, and were negligent, careless and reckless in delivering said defective vehicle to said Terrence Crogg when in the exercise of reasonable care, they should have known that said vehicle could not be safely operated."

The foregoing complaint represents plaintiffs final effort to state a cause of action against defendant. In his first amended complaint plaintiff alleged that "the steering mechanism of said automobile was in defective condition and unsafe." In the second amended complaint it was alleged that the vehicle was defective in the following particulars:

"(a) Its wheels were out of alignment;

"(b) The rear suspension was defective;

"(c) The rear sway bar was absent;

"(d) The rear left lower suspension arm was absent;

"(e) The defendant, Lynn Kirby, had failed to reinforce the rear suspension lower arm bracket pursuant to a special service letter

addressed to Lynn Kirby dated Oct. 2, 1964, by the defendant, Ford Motor Company."

Various motions were filed against the second amended complaint but before the motions were ruled upon plaintiff filed the third amended complaint set out above. Defendant moved for an order to make the third amended complaint more definite and certain. The motion was granted whereupon plaintiff filed a fourth amended complaint in which he alleged that the "vehicle was defective by manufacture and design in that the combined effect of coil spring rear suspension and power steering rendered the vehicle's steering uncontrollable during normal operation as a vehicle for transportation." Later plaintiff moved to withdraw the fourth amended complaint and to substitute the third amended complaint for the stated reason that he could not make his complaint any more definite and certain. He advised the court that he would not plead further. The court granted his motion to reinstate the third amended complaint. The trial court then entered a judgment on the pleadings in favor of defendants.

Plaintiff summarizes his position as follows: "In the type of case in which there is no evidence, direct or circumstantial, available to prove exactly what sort of manufacturing flaw existed, or exactly how the design was deficient, the plaintiff may nonetheless be able to establish his right to recover, by proving that the product did not perform in keeping with the reasonable expectations of the user. When it is shown that a product failed to meet the reasonable expectations of the user, the inference is that there was some sort of defect, a precise definition of which is unnecessary."

In support of this contention, plaintiff relies upon the following statement in *Heaton v. Ford Motor Company*, 248 Or 467, 435 P2d 806 (1967):

> "In the type of case in which there is no evidence direct or circumstantial, available to prove exactly what sort of manufacturing flaw existed, or exactly how the design was deficient, the plaintiff may nonetheless be able to establish his right to recover, by proving that the product did not perform in keeping with the reasonable expectations of the user. When it is shown that a product failed to meet the reasonable expectations of the user the inference is that there was some sort of defect, a precise definition of which is unnecessary. If the product failed under conditions concerning which an average consumer of that product could have fairly definite expectations, then the jury would have a basis for making an informed judgment upon the existence of a defect. * * *" *Id.* at 826.

Plaintiff's reliance on *Heaton* is misplaced. That case was concerned with the characteristics which a product must have in order to be classified as unreasonably dangerous within the meaning of Restatement (Second) of Torts § 402A.[1] In the present case we are instead concerned with the specificity with which the plaintiff must plead and prove that his injury was caused by a defendant's product rather than by some other cause.

■ If plaintiff had alleged (as he did in the first and second amended complaints) the specific defects

---

[1] Comment i of § 402A discusses this classification. See also, Friedman, "Defect" in the Product: The Necessary Basis for Products Liability in Tort and in Warranty, 33 Tenn L Rev 323 (1966); Traynor, Ways and Meanings of Defective Products and Strict Liability, 32 Tenn L Rev 363 (1965); Keeton, Product Liability—Liability Without Fault and the Requirement of a Defect, 41 Tex L Rev 855 (1963) for a discussion of this question.

causing the vehicle to become uncontrollable so that it could not be kept on the highway, the complaint would have stated a cause of action. Apparently plaintiff discovered that he could not obtain evidence identifying the defect which caused the car to leave the highway and so he resorted to the general allegations of cause contained in his third amended complaint. The complaint makes it reasonably clear that the cause which plaintiff relies upon is a defect of some kind in the mechanism of the vehicle rather than some other cause. The complaint states, in effect, that the vehicle was not fit for its general purpose as warranted (i.e., it was defective) in that it "could not be kept on said highway during its normal use as a vehicle for transportation" because it was "uncontrollable in normal operation." This would adequately inform defendant that plaintiff was not relying upon any cause other than the defective mechanism of the vehicle. The question is whether the failure to identify the defect more specifically renders the complaint fatally defective.

■ Plaintiff should not be required to plead more than he must prove to make out his cause of action. We must decide, therefore, what constitutes sufficient proof of causation in an action for personal injuries alleged to have resulted from a breach of an implied warranty of merchantability.

The problem is essentially no different from that encountered in other cases where the proof of the tort rests upon circumstantial evidence. Recovery is allowed where a plaintiff's injury may be traceable to some conduct of the defendant although the *specific* act which caused the injury cannot be identified. An analysis of the problem of proof in negligence cases is found in 2 Harper & James, The Law of Torts, §§ 19.4

and 20.2 (1956). There we are told that "[c]ircum-
stantial proof may be sufficient to meet the burden
of proof on an issue like negligence even though the
inference is equivocal as to just what the party's spe-
cific acts or omissions were." And, although "[i]t may
well be impossible to say that any *one* explanation is
more probable than not—that is, that its probability
exceeds the sum of the probabilities of *all* the alter-
native explanations," yet if "most of the explanations
(and the weight of probability) include some conduct
which a jury could call negligence," the jury will be
allowed to draw an inference of negligence. This as-
sumes that "the pleadings are broad enough to cover
all the explanations pointing to negligence (either be-
cause of their generality or because they enumerate
specifically all the possibilities)." *Id.* at 1072.

The broad generality with which a plaintiff may
plead and prove his cause of action is most clearly
illustrated in the so-called res ipsa loquitur cases.
Thus, when defendant is charged with the negligent
operation of a vehicle which leaves the highway, we
have held that plaintiff can get to the jury without
pleading or proof of any specific act of negligence on
the part of the defendant.® Because a vehicle ordi-
narily does not leave the road in the absence of the
driver's negligence, the jury is permitted to infer that
the vehicle in the case before it left the road as a
result of the defendant's negligence. In such a case
the jury is permitted to reach its conclusion in spite
of the fact that there is no proof identifying a specific
act of negligence on the part of the defendant such as
failure to keep a lookout, driving too fast, etc. Al-
though the above discussion relates to proof of negli-

---

® Kaufman v. Fisher, 230 Or 626, 371 P2d 948 (1962).

gence, the same principle is applicable when the plaintiff seeks to prove that defendant's conduct was the cause of his injury.

 The same kind of reasoning will sustain plaintiff's cause of action in the present case. For the purpose of testing the sufficiency of the complaint, we may assume that plaintiff would be able to produce evidence from which the jury could infer that as the vehicle was driven down the highway the driver found it impossible to control it because of some defect in its mechanism. At this point, if the jury accepts plaintiff's version of what happened, plaintiff has carried the proof far enough to permit the jury to infer that the vehicle was uncontrollable because of *some* unidentified defect in the mechanism of the vehicle. If plaintiff carries his burden of proving that the defect was attributable to defendant's conduct rather than to some other cause, he need not identify the specific defect which caused the vehicle to become uncontrollable. There is no greater reason for imposing upon plaintiff the necessity of proving a specific defect in the present case than there is for imposing upon a plaintiff in a res ipsa case the necessity of proving a specific act of negligence on the part of the driver. And since plaintiff may make out his case on such general proof, he may fashion his pleadings with general allegations sufficient to meet the necessary proof. It is true that when the allegations of the complaint take this general form the defendant may find it burdensome to prepare his defense. But he has available to him discovery procedures with which he may determine whether the cause alleged can be more specifically identified. If discovery is not productive, defendant must through other means try to convince the court and the jury that the probabilities pointing to

causes other than the defect in the mechanism preponderate. This is a familiar task to those who defend in the res ipsa loquitur cases. If this appears to impose upon defendants an unreasonable burden, the remedy is to reformulate the principles relating to the character of proof, requiring greater specificity —the remedy is not to be found simply in requiring that the complaint be more specific.

■ The allegations in plaintiff's complaint were sufficient to state a cause of action. Therefore, the judgment of the trial court must be reversed and the cause remanded for further proceedings consistent with this opinion.

ON PETITION FOR REHEARING

504

Mautz, Souther, Spaulding, Kinsey & Williamson and Roland F. Banks, Jr., Portland, for the petitioner.

Buss, Leichner, Lindstedt, Rose & Barker, Portland, contra.

O'CONNELL, J.

■ Defendant Ford Motor Company petitions for a rehearing contending that the complaint did not state a cause of action because it failed to allege that the vehicle was in a defective condition at the time it left defendant's hands. Assuming, without deciding, that such an allegation is necessary to state a cause of action for the sale of a defective product (2 Restatement of Torts, § 402A), the contention was not raised on the original hearing and will not, therefore, be considered on a petition for rehearing.

■ Our statement in the original opinion that the allegations in the complaint were sufficient to state a cause of action was in answer to defendant's contention that the defect in the vehicle was not alleged with sufficient particularity. We did not intend to hold that the sufficiency of the complaint could not have been attacked on other grounds, or that upon remand defendant was precluded from testing the sufficiency of the complaint in other respects.

Petition denied.