Argued and submitted November 9, 1983, affirmed in part; reversed in part and remanded for new trial February 8, reconsideration denied March 30, petition for review denied April 24, 1984 (297 Or 82)

HELMS,
*Appellant,*

*v.*

HALTON TRACTOR CO. et al,
*Respondents.*

(A8010-05570; CA A26805)

676 P2d 347

Glenn H. Prohaska, Portland, argued the cause for appellant. With him on the briefs was Day & Prohaska, Portland.

Allan M. Muir, Portland, argued the cause for respondent Halton Tractor Co. With him on the brief was Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

Hugh G. Grady, Portland, argued the cause for respondent Willamette Valley Mobile Home Shows, Inc. With him on the brief was McGill, Kapranos & Grady, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Plaintiff brought this personal injury action against defendant Willamette Valley Mobile Home Shows, Inc. (Willamette Valley), under the Employer's Liability Act (ELA), ORS 654.305 *et seq,* and against Halton Tractor (Halton), for product liability. Plaintiff appeals from separate judgments entered in favor of each defendant. We affirm as to Halton and reverse and remand for a new trial as to Willamette Valley.

In October, 1978, plaintiff, employed as a service manager by Forest Grove Mobile Homes, was dismantling Forest Grove's display in a mobile home show sponsored by defendant Willamette Valley. He suffered serious injuries when the mast of a forklift leased by Willamette Valley from Halton dropped on his arm.

In the subsequent action, plaintiff sought to recover against Halton, lessor of the forklift, on a design defect theory. His amended complaint alleged, in part:

"IV

"At the time the forklift truck was rented for the use of Plaintiff's employer, it was in a defective condition and unreasonably dangerous to those using it in one or more of the following particulars:

"1.   The cross-members of the mast were so placed between the vertical beams of the mast supporting the forks that they could and did severely crush the arm of the Plaintiff in the manner described herein;

"2.   There was no guard between the truck body and the upright members of the mast;

"3.   No prominent or adequate warnings or signs were included as a part of the forklift to warn the operator of the dangers and hazards of operations, such as the Plaintiff was engaged in at the time of his injury.

"4.   The mast fell suddenly and unexpectedly and in a manner not to be reasonably anticipated by the Plaintiff."

At trial, plaintiff sought further to amend the complaint by adding to paragraph IV the following particulars:

"1.   The mast fell when it should not have.

"2. The mast was designed and manufactured in such a way that it could fall."

The trial judge denied the motion to amend, and plaintiff appeals from that decision.

■■ Plaintiff's amendments seek to add to the specific allegations of a defect in the pleadings an indeterminate defect theory that we specifically disapproved in *Weems v. CBS Imports,* 46 Or App 539, 612 P2d 323, *rev den* 289 Or 659 (1980). Under that theory, the jury could infer a defect from general allegations that the forklift failed to perform as reasonably expected. In *Weems,* we held that it was reversible error for the trial court, on a design defect theory, to instruct the jury that a product may be shown to be defective because it failed to perform as reasonably expected when a specific defect is identified and there is no contention of a defect which the plaintiff was unable to identify. Because plaintiff in this case alleges a specific defect as a basis for the action and there is no indication of an undiscoverable defect, plaintiff would not be entitled to recover simply because the product failed to perform as reasonably expected. Although amendments to pleadings are to be liberally allowed under ORCP 23B, the trial court did not err in refusing to allow the amendment. The judgment as to Halton is affirmed.

Plaintiff claims as a second assignment of error that the trial court erred in failing to find as a matter of law that Willamette Valley was an employer under the ELA, and in failing so to instruct the jury.[1] Plaintiff claims that the control exercised by that defendant over use of the forklift brings that defendant within the purview of the ELA.

---

[1] Plaintiff requested the following jury instruction:

"It is not necessary that the Plaintiff be the direct employee of the Defendant, Willamette Valley Mobile Home Show. Defendant Willamette Valley Mobile Home Show is charged with the responsibilities of an employer under the Employers Liability Law if it was engaged in some component part of the common enterprise and it exposed another's employee to a risk by the use of its equipment, even though the Defendant, Willamette Valley Mobile Home Show was not itself using such equipment at the time of the accident.

"In this instance Willamette Valley Mobile Home Shows is an employer under the Employer's Liablity Law and charged with its duties and responsibilities.

"*Thomas v. Foglio,* 225 Or. 540, 358 P.2d 1066 (1961)."

The facts here are undisputed. Willamette Valley is a non-profit corporation which exists for the sole purpose of presenting an annual mobile home show in which 12 to 15 dealers, including plaintiff's employer, Forest Grove Mobile Homes, display approximately 40 mobile homes. Each dealer uses its own employes to set up and take down its exhibits. Willamette Valley determined the times that the mobile home dealers could move their exhibits in and out, as well as the location where each dealer was to place its exhibit or move it if it were incorrectly set up. Willamette Valley arranged for the lease of two forklifts from defendant Halton, specifically to aid the dealers in setting up and dismantling exhibits. Its Board of Directors set the policy for the operation of the forklifts, and their day-to-day use was directed by Willamette Valley's show chairman or move-in, move-out committee. Willamette Valley conceded on oral argument that it was within its authority to preclude plaintiff's use of the forklift which resulted in his injury.

■■    Under the ELA, those "having charge of the particular work," ORS 654.315, owe to "employes or the public," ORS 654.305, a duty of providing not only a safe place to work but also a duty to provide safe tools and other protective measures. *Thomas v. Foglio,* 225 Or 540, 564, 358 P2d 1066 (1961). The act has repeatedly been construed "to apply to employes of a person other than the defendant, if their work requires them to come within the risk of injury from defendant's instrumentalities." *Blaine v. Ross Lbr. Co., Inc.,* 224 Or 227, 235, 355 P2d 461 (1960). Accordingly, the ELA can be the basis of a claim for relief for an injured worker suing a defendant other than his or her employer when that defendant retains a right to control or actually exercises control as to the manner or method in which the risk-producing activity is performed. *Miller v. Georgia-Pacific Corp.,* 294 Or 750, 754, 662 P2d 718 (1983); *Wilson v. P.G.E. Company,* 252 Or 385, 395, 448 P2d 562 (1968).

■    The uncontradicted testimony shows that Willamette Valley had the right to exercise control over the use of the forklift. We conclude, as a matter of law, that plaintiff was an employe of Willamette Valley within the

meaning of the ELA. Failure to instruct the jury on plaintiff's motion was reversible error.

Affirmed as to defendant Halton Tractor; reversed and remanded as to defendant Willamette Valley Mobile Home Shows, Inc.