Submitted on petition for rehearing filed August 3, rehearing allowed, previous opinion (297 Or 470, 686 P2d 339) modified, Court of Appeals reversed, and judgment of trial court reinstated October 23, 1984

KENTNER et al,
*Respondents on Rehearing,*

*v.*

GULF INSURANCE COMPANY,
*Petitioner on Rehearing.*

(25403, 30999; CA A26069; SC S30307)

689 P2d 955

Robert L. Nash, Bend, filed the petition for rehearing. With him on the response was Johnson, Marceau, Karnopp & Petersen, Bend.

Lawrence W. Erwin, Bend, filed the response to petition for rehearing.

CAMPBELL, J.

## CAMPBELL, J.

This case is back before us on defendant Gulf Insurance Company's petition for rehearing. The petition requests that we withdraw that portion of our opinion in *Kentner v. Gulf Ins. Co.*, 297 Or 470, 686 P2d 339 (1984), which holds that under ORS 743.045(1) it was prejudicial error to permit the plaintiff's application for the insurance policy to be received in evidence.

Among the points relied upon by the defendant for rehearing is the following:

"1. Introduction of the application, if error, was invited error. It was the plaintiffs themselves, not defendant, who introduced the application into evidence.

The plaintiffs in their response to petition for rehearing argue that because the defendant has not previously made an "invited error" argument to this court or the Court of Appeals that it is too late to do so at this point. The plaintiffs rely on *Vanek v. Kirby*, 253 Or 494, 450 P2d 778, 454 P2d 647 (1969).

The statute which gives rise to the controversy about the application for insurance is ORS 743.045(1). It provides:

"(1) Except as provided in ORS 743.075 [relating to binders] every contract of insurance shall be construed according to the terms and conditions of the policy. Where the contract is made pursuant to a written application therefore, if the insurer delivers a copy of such application with the policy to the insured, thereupon such application shall become a part of the insurance policy. If the application is not so delivered to the insured, it shall not be a part of the insurance policy and *the insurer shall be precluded from introducing such application as evidence in any action based upon or involving such policy.*" (Emphasis added.)

It is undisputed the plaintiffs executed a written application to purchase the insurance policy from defendant, but it was not attached to or delivered with the policy.

There is some confusion in the record, but a fair reading of the trial transcript shows these events occurred in the following order:

(1) During the cross-examination of Lester Kentner concerning prior insurance on the house, the plaintiffs made a

general objection based on ORS 743.045(1). The objection was overruled and later in the Court of Appeals became the basis of the plaintiffs' assignment of error in question.

(2) The original application was furnished by the defendant to the plaintiffs on demand and was introduced by the plaintiffs in their case in chief as Exhibit No. 71.

(3) The defendant in its case in chief introduced a photocopy of the same application plus a copy of the agent's notes as Exhibit No. 7. Although the plaintiffs objected to Exhibit No. 7, the objection was not based on ORS 743.045(1).

(4) During cross-examination and jury argument, the plaintiffs' counsel referred to Exhibit No. 71 and at one point acknowledged that basically Exhibits 71 and 7 were the same except for the agent's notes and an attached photo.

The jury returned a verdict for the defendant and the plaintiffs appealed to the Court of Appeals. Although the plaintiffs alleged many assignments of error, the Court of Appeals decision chiefly addressed only two: A jury instruction on the subject of fraud and the admissibility of the application for insurance under ORS 743.045(1).

The defendant, as respondent in the Court of Appeals did not argue that the introduction of the written application for the insurance policy was "invited" error. The Court of Appeals reversed the trial court on the fraud instruction and remanded for a new trial. It found no error on the admissibility of the plaintiffs' written application to the defendant for insurance. It said:

"We do not think that the statute [ORS 743.045(1)] was intended to exclude evidence of the document by which the misrepresentations were allegedly made in an action based on or defended against because of those misrepresentations." 66 Or App at 25.

We allowed the defendant's petition for review to this court. The defendant in its petition for rehearing has described the previous petition as follows:

"The issue on Gulf's petition for review of the Court of Appeals opinion was the applicable scienter element for statutory insurance fraud. ORS 743.045(1), dealing with the admissibility of an application which is not made part of a policy, was not mentioned in the petition for review. It was mentioned briefly in plaintiff Kentners' response to the petition for review, but without any citations to the transcript

as to the circumstances under which the application was introduced. The Supreme Court's attention was not directed to the fact that it was plaintiffs themselves who offered and introduced the application into evidence."[1]

This court by its decision reached directly opposite results from that of the Court of Appeals on both questions. We held that the trial court was correct on the jury instruction, but that under ORS 743.045(1) it was error to admit the written application for insurance. We did not mention which party introduced the application into evidence, but ORS 743.045(1) only precludes the insurer (defendant) from "introducing such application as evidence." We also remanded to the trial court for a new trial.

■    The defendant is correct when it says that a party cannot introduce evidence in the trial court and then on appeal claim that the same evidence is inadmissible. *Shields v. Campbell,* 277 Or 71, 75, 599 P2d 1275 (1977); *City of Salem v. Cannon,* 235 Or 463, 464, 385 P2d 740 (1963).

> " "* * * We know of no rule which permits a party to introduce evidence, which, at the time of introduction, appears beneficial and then when it appears that the evidence was harmful to attempt, on appeal, to renounce his own evidence * * *.' " *Shields v. Campbell, supra,* 277 Or at 75, *citing City of Salem v. Cannon, supra* 235 Or at 464.

The record shows that the insurance application introduced by defendant as its Exhibit 7 is merely a photocopy of the original application previously introduced by plaintiffs as plaintiffs' Exhibit 71, with the exception that the photocopy contained a notation not material to our inquiry here. Plaintiffs also introduced testimony in their case in chief concerning the contents of the application.

Defendant's petition for rehearing in this court has for the first time raised an "invited error" contention concerning the introduction of the insurance application.

■    It is the general rule that a contention not raised on

---

[1] The author of this opinion, writing only for himself, acknowledges the defendant's diplomacy in pointing out that this court's attention was not directed to fact that the plaintiffs themselves introduced the insurance application into evidence. The defendant's statement is correct. But, it is also correct that the original insurance application was plainly marked "Plaintiff's Exhibit #71." One question remains to be answered: Will the author eat the crow with or without mustard?

the original hearing will not be considered on a petition for rehearing. *Vanek v. Kirby,* 253 Or 494, 504, 450 P2d 778, 454 P2d 647 (1969); *Rohner et ux v. Neville,* 230 Or 31, 45, 365 P2d 614, 368 P2d 391 (1962); *Hamilton v. Finch,* 166 Or 156, 172, 109 P2d 852, 111 P2d 81 (1941); *In re Shepard's Estate,* 152 Or 15, 45, 41 P2d 444, 49 P2d 448 (1935). One of the reasons for the rule is to prevent a party from appealing in a piecemeal manner. *Patterson v. Horsefly Irrigation Dist.,* 157 Or 1, 28, 69 P2d 282, 70 P2d 33 (1937). The rule also keeps a party from shifting its position. *Mitchell v. Greenough,* 100 F2d 1006, 1006 (9th Cir 1939). The basic purposes are to promote the finality of appellate courts' decisions and to conserve judicial time. *Carey v. Kemper,* 45 Ohio St 93, 94, 11 NE 130, 131 (1887).[2]

The purpose of a rehearing is not to raise new questions or rehash old arguments, but to allow the court to correct mistakes and consider misapprehensions. *Glasser v. Essaness Theatres Corp.,* 346 Ill App 72, 95, 104 NE 2d 510 (1952); *Town of Boca Raton v. Moore,* 122 Fla 350, 165 So 279 (1936).

This court has recognized an exception to the general rule and allowed for the first time on rehearing an objection that the complaint did not state sufficient facts to constitute a cause of action. *Ross v. Robinson,* 169 Or 293, 319, 124 P2d 918, 128 P2d 956 (1942).

Other jurisdictions have described exceptions to the rule in general terms: *In re Warren's Estate,* 74 Ariz 385, 386, 249 P2d 948, 949 (1952) ("On this motion for a rehearing we are confronted with an unusual situation."); *Robison v. Allstate Insurance Company,* 267 So2d 257, 260 (La App 1972) ("Equity demands that we consider this issue."); *New Hughes Drilling Company v. Smith,* 219 So 2d 657, 661 (Miss 1969) ("Only in exceptional cases will the court examine a point raised for the first time on rehearing."); *Au v. Au,* 63 Hawaii 263, 263, 626 P2d 173 (1981) ("When justice requires, we can consider legal theories not raised before which reverse a

---

[2] *Cary v. Kemper,* 45 Ohio St 93, 11 NE 130, 131 (1887) quotes from *Longworth & Horne v. Sturges & Anderson,* 2 Ohio St 104, 107 (1853).

"* * * there must at some time be an end of litigation, not only for the benefit of the parties of the particular case, but to enable others standing behind them to have their rights determined."

judgment."); *Herrick v. Wills,* 333 SW2d 275, 276 (Ky App 1960) ("Except for most extraordinary cause, we will not consider an issue on appeal for the first time in a petition for rehearing.").

It could be argued that the exceptions to the general rule in other jurisdicitons are merely declarations by those courts that they are exercising their discretion to consider a contention or question for the first time on the petition for rehearing.

Instead of inventing our own catch phrase or buzz words we simply hold that under the facts and circumstances of this case, we withdraw that portion of our previous opinion in *Kentner v. Gulf Ins. Co.,* 297 Or 470, 686 P2d 339 (1984) which holds that under ORS 743.045(1) it was prejudicial error to permit the plaintiffs' application for the insurance policy to be received in evidence. To hold otherwise would allow the plaintiffs to profit from their own error. Under our first opinion they would have received a new trial and a second opportunity to present their case to a jury because they objected to evidence on their appeal which they introduced in the first trial. The second trial would defeat one of the basic purposes of the general rule that a contention not raised on the original hearing will not be considered on a rehearing— judicial economy.

Accordingly, we allow rehearing. Our previous opinion is modified as set forth above. The Court of Appeals is reversed and the judgment of the trial court is reinstated.