Argued and submitted July 31, 1991, affirmed February 12, reconsideration denied May 6, petition for review denied June 23, 1992 (313 Or 354)

Donald S. GUNSTONE,
*Appellant,*

*v.*

JULIUS BLUM GMbH.a-6873,
HOCHST/AUSTRIA
and *Julius Blum, Inc.,*
*Respondents.*

(A8810-05395; CA A63544)

825 P2d 1389

Robert K. Udziela, Portland, argued the cause for appellant. With him on the brief were Dan O'Leary and Pozzi, Wilson, Atchison, O'Leary & Conboy, Portland.

Steven D. Hallock, Portland, argued the cause for respondents. With him on the brief was Hallock & Bennett, Portland.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

## RIGGS, J.

Plaintiff's hand was injured while he was operating a mini drill press in a commercial woodworking shop. Plaintiff sued defendant, the manufacturer, alleging that his injuries were caused by the machine's defective design. He appeals a jury verdict in favor of defendant, assigning error to the trial court's jury instructions. We affirm.

Defendant's drill press is designed to drill holes for, and insert, cabinet door hinges. The machine has three drill bits: Two side bits rotate counterclockwise and the center bit rotates clockwise, creating a "nip point" which can pull an object up between the adjacent drill bits. The bits rotate at all times when the machine is turned on. The unit is operated by first sliding a cabinet door, or the "work," under the drill bits and against a "fence." When the work is properly positioned, the operator tightens two clamps, which hold the work in place, and pushes a button on the face of the drill press, which lowers the drill bits to drill the holes. The drill bits then return to the raised position, and the operator swings the hinge-holding device into position and again pushes a button on the face of the machine. The machine then sets the hinge in place. Plaintiff was injured when, after setting a hinge, he reached behind the work and the drill bits to loosen the hinge, which was caught on the fence. As plaintiff was withdrawing his hand after he loosened the hinge, it was drawn into the "nip point" and severely injured.

Plaintiff alleged that the drill press was defectively designed and unreasonably dangerous because: (1) the hinge-holding device did not hold the hinges rigidly enough to prevent them from catching on the fence; (2) the machine did not have an interlock device to keep the bits from rotating except when the holes are being drilled; (3) the machine did not have a point of operation guard, which would have prevented plaintiff's injury; and (4) defendant failed to warn of the danger the machine presented when operated without a plexiglas shield around the cutting head. The jury was not asked to make separate findings on each allegation. Rather, it was asked, on a special verdict form, whether defendant manufactured or sold an unreasonably dangerous product. The jury said "no" and returned a verdict for defendant.

Plaintiff's first assignment of error is in two parts. He first argues that the trial court erred in instructing the jury that

"a manufacturer or seller is not required *to warn or instruct* with regard to a danger which is generally known and recognized."[1] (Emphasis supplied.)

Plaintiff argues that the instruction allowed the jury to find that he "assumed the risk" of incurring his injury because the danger presented by the rotating bits was "open and obvious." The second half of the assignment argues that the court compounded the error of the above instruction by not giving plaintiff's requested instruction:

"You are instructed that it is no defense to the defendants in this case that the plaintiff voluntarily assumed the risk of his own injury and therefore should not recover in this case.

"You are instructed that the doctrine of assumption of risk has been abolished in this state, and cannot be applied by you to defeat plaintiff's claim in this case."

■ Our inquiry begins by asking whether the challenged instruction is a correct statement of the law. The language of the instruction is almost *verbatim* from the *Restatement (Second) Torts* § 402A, *comment j* (1965).[2] Section 402A, and

---

[1] The trial court's instructions on duty to warn were:

"[I]n order to prevent a product from being unreasonably dangerous, the manufacturer or seller may be required to give a warning or instruction regarding the use of the product. If you determine that the product would be unreasonably dangerous in the absence of an adequate warning or instruction, and if you determine that an adequate warning or instruction did not accompany the product, then the product was unreasonably dangerous.

"However, a manufacturer or seller is not required to warn or instruct with regard to a danger which is generally known and recognized. Where an adequate warning or instruction is given, the manufacturer or seller may reasonably assume that it will be read and heeded, and a product bearing such a warning or instruction, which is safe for use if it is followed, is not in a defective condition, nor is it unreasonably dangerous."

[2] *Comment j* provides, in part:

"In order to prevent the product from being unreasonably dangerous, the seller may be required to give directions or warning, on the container, as to its use. * * *

"But a seller is not required to warn * * * when the danger, or potentiality of danger, is generally known and recognized. * * *." *Restatement (Second) Torts* § 402A, *comment j* (1965).

The full text of the instruction, *supra* n 1, is UCJI No. 170.08. Plaintiff argues that "*comment j* has nothing to do with the case at hand, but rather deals with products

*comments a* through *m*, were expressly adopted as guidelines for interpreting Oregon's products liability law. ORS 30.920.[3]

Plaintiff asserts that the instruction restates the assumption of risk defense, which was abolished in Oregon in 1979. ORS 18.475; Or Laws 1979, ch 599, § 4. He argues that the instruction "wrongly incorporate[d] an 'open and obvious' defense to strict liability" and "permit[ted] the jury to find, contrary to Oregon law, that plaintiff 'assumed the risk' of defendant's defective product." Plaintiff relies on *Woolston v. Wells*, 63 Or App 7, 663 P2d 408 (1983), *aff'd* 297 Or 548, 687 P2d 144 (1984), in arguing that the instruction circumvented Oregon's comparative fault statute by "restating as an absence of duty what was previously implied assumption of risk." 63 Or App at 12.

■■ We agree with plaintiff that *Woolston* stands for the proposition that a manufacturer's duty to make a product that is not "unreasonably dangerous" is not obviated even if the dangerous aspect of the product is "open and obvious" or "generally known and recognized." Oregon's system of comparative fault is "meaningful [only] if each party's fault is determined without reference to the other party or to a class or group which includes the other party." *Woolston v. Wells*, *supra*, 297 Or at 556. However, the challenged instruction did not violate that standard.

The instruction did not tell the jury that defendant owed no duty at all to plaintiff if the drill press was openly dangerous. Neither did it tell the jury that an openly dangerous product cannot be "unreasonably dangerous." The instruction merely told the jury that, if it were to find that the danger presented by the drill press was "generally known and

which will be consumed, such as foods, or drugs." Section 402A and its comments, as originally drafted, applied only to food, "but virtually on the eve of printing in 1964, * * * the scope of the section was expanded to encompass all 'products.' " Vetri, "Legislative Codification of Strict Products Liability Law in Oregon," 59 Or L Rev 363, 366 (1981). Thus, although generally written in terms of food and drugs, section 402A and its comments apply to all "products." *Comment j*, therefore, is applicable to this case.

[3] ORS 30.920(3) provides, in part:

"It is the intent of the Legislative Assembly that the [products liability] rule stated in subsections (1) and (2) of this section shall be construed in accordance with the Restatement (Second) of Torts sec. 402A, Comments a to m (1965)."

recognized," then the manufacturer had no duty to warn of that danger and the machine was not unreasonably dangerous *due to a lack of warning*. The jury was instructed that it could have found that the drill press was unreasonably dangerous for other reasons.[4] The challenged instruction properly left for the jury the questions of: (a) whether the danger presented by the drill press was generally known and recognized; (b) whether, if the danger was not generally known and recognized, the product required a warning to keep it from being unreasonably dangerous; and (c) whether the product was otherwise unreasonably dangerous. The instruction did not allow the jury to find that plaintiff assumed the risk and was not in error.

■ Neither did the trial court err in refusing to instruct the jury that the doctrine of assumption of risk is abolished in this state. Assumption of risk was not an issue in the case and any instruction on it would have been improper.

■ Plaintiff next assigns error to the trial court's instruction to the jury that

> "[t]he mere fact that a party sustained injury is no indication that the Defendant manufactured or sold an unreasonably dangerous product as defined in these instructions."

Plaintiff cites *Vanek v. Kirby*, 253 Or 494, 450 P2d 778, 454 P2d 647 (1969), and argues that the mere happening of an accident can be evidence of a defective product. However, *Vanek* does not apply when the plaintiff alleges specific defects and there is no indication of an undiscoverable defect. *See, e.g., Helms v. Halton Tractor*, 66 Or App 890, 676 P2d 347, *rev den* 297 Or 82 (1984); *Weems v. CBS Imports*, 46 Or App 539, 612 P2d 323, *rev den* 289 Or 659 (1980). Here, plaintiff alleged and offered evidence of specific defects in defendant's product and, therefore, he was not entitled to the inference that the machine was defective simply because he was injured. The instruction was not error.

---

[4] The trial court correctly instructed the jury that it could find the drill press was unreasonably dangerous if it found that it was "dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchased the product with the ordinary knowledge common to the community as to its characteristics." *Restatement (Second) Torts* section 402A (1965).

■     In plaintiff's final assignment, he argues that the trial court erred in failing to give this requested instruction:

"You are instructed that it is the statutory law of this state that a manufacturer or seller of a product, by marketing his product for use and consumption, has undertaken and assumed a special responsibility towards any member of the consuming public who may be injured by it; that the public has a right to and does expect in the case of products which it needs and for which it is forced to rely upon the seller, that reputable sellers will stand behind their goods; that public policy demands that the burden of accidental injuries caused by products intended for consumption be placed upon those who market them and be treated as a cost of production. The consumer of such products is entitled to the maximum of protection at the hands of someone, and that the proper persons to afford that protection are those who market the products.

"Thus, the rule in this section of the statutory law of the state of Oregon is one of strict liability, making the seller subject to liability to the user or consumer even though the seller or manufacturer has exercised all possible care in the preparation and sale of the product."

Almost all of that language is taken from *comments a* and *c* to section 402A of the *Restatement (Second) Torts* (1965). Plaintiff argues that, because the above language is contained within *comments a* through *m*, as adopted by the Oregon legislature, "it is part of the positive law of the State" and, as such, "must be explained by the court with accurate instructions." He further argues that he is entitled to instructions on his theory of the case and quotes *Williams et al. v. Portland Gen. Elec.*, 195 Or 597, 247 P2d 494 (1952):

"The parties to any jury case are entitled to have the jury instructed in the law which governs the case in plain, clear, simple language. The objective of the mold, framework and language of the instructions should be to enlighten and to acquaint the jury with the applicable law. Everything which is reasonably capable of confusing or misleading the jury should be avoided. Instructions which mislead or confuse are ground for a reversal or a new trial." 195 Or at 610.

Rather than supporting plaintiff's position, the statement supports the trial court's refusal to give the instruction. The instruction could have misled and confused the jury, because it implies that manufacturers and sellers

are insurers against "accidental injuries caused by [their] products." That implication is contrary to the instruction, properly given, that the product must be "in a defective condition unreasonably dangerous to the user or consumer" before strict liability may attach. The trial court did not err in refusing to give plaintiff's requested instruction.

Affirmed.