62 F.3d 1424
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
FIREMAN'S FUND INSURANCE COMPANY, a California Corporation,
Plaintiff-Appellant,
v.
PECO, INC., dba PECO Manufacturing Co., Inc., Defendant-Appellee.
 No. 94-35000.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 13, 1995.
Decided Aug. 4, 1995.
 
 1
 Before: HUG and FERGUSON, Circuit Judges, and SCHWARZER,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Fireman's Fund Insurance Company ("FFIC") appeals the district court's grant of summary judgment in favor of defendant, PECO, Inc. ("PECO"), in this diversity products liability case arising under Oregon law. We affirm because FFIC failed to establish a triable issue of fact as to PECO's duty to warn of the potential fire hazards associated with storing berry flats in bulk.
 
 I.
 
 4
 We review a district court's grant of summary judgment de novo. T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 629 (9th Cir. 1987). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be 'no genuine issue as to any material fact."' Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Our "ultimate inquiry is to determine whether the 'specific facts' set forth by the nonmoving party, coupled with undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence." T.W. Elec. Serv., 809 F.2d at 631.
 
 
 5
 FFIC's only theory of liability is that PECO failed to warn of the potential fire hazards associated with storing berry flats in bulk. Under Oregon law, a seller of a product "in a defective condition unreasonably dangerous to the user or consumer or to the property of the user or consumer is subject to liability for physical harm or damage to property caused by that condition" if the seller engaged in the business of selling such a product and the product is expected to and reaches the user or consumer without substantial change in its condition. Or. Rev. Stat. Sec. 30.920(1)(a) & (b) (1993). Oregon applies the Restatement (Second) of Torts to such cases. Or. Rev. Stat. Sec. 30.920(3). "Unreasonably dangerous defects in products come from two principal sources: (1) mismanufacture and (2) faulty design, including failure to warn as a design defect." Harris v. Northwest Natural Gas Co., 588 P.2d 18, 21 (Or. 1978). A product is not unreasonably dangerous for failure to warn if the dangers are well known and recognized. See Gunstone v. Julius Blum, 825 P.2d 1389, 1392 (Or. App. 1992); Restatement (Second) of Torts, cmt. i, cmt j.
 
 
 6
 We conclude that no genuine issue of material fact remains in dispute. FFIC has failed to overcome the presumption in Oregon that "a product as manufactured and sold or leased is not unreasonably dangerous for its intended use." Or. Rev. Stat. Sec. 30.910 (1993). Furthermore, the record before us, viewed in a light most favorable to FFIC, establishes that the potential fire dangers were sufficiently well known to be codified. FFIC's own risk surveyors noted in 1989 that berry flats have "low ignition characteristics[,] [h]igh susceptibility to fire, [and] potential high fuel load in event of fire." Because we conclude that any potential fire hazard was sufficiently well known and recognized, PECO had no duty to warn.
 
 
 7
 We also note that FFIC failed to establish the essential element of causation. The evidence adduced was insufficient to show that the fire burned with unreasonable or unexpected speed or heat, or that the damages caused were greater than would be expected if some other common material was involved.
 
 II.
 
 8
 FFIC alleges several other problems with the district court's opinion, none of which we find to have merit. First, FFIC asserts that the district court improperly weighed the evidence presented by relying on PECO's experts' contradictory opinions, as opposed to its own. However, the district court found only that FFIC did not meet its burden of rebutting PECO's evidence that the flats were not unreasonably dangerous. Second, FFIC contends that PECO's expert, Jan Bayless, was not qualified to issue his opinion. However, the record establishes that he was adequately experienced. Finally, FFIC contends that a manufacturer's duty to warn is nondelegable. Because we conclude that PECO had no duty to warn, we need not reach this contention.
 
 
 9
 The district court did not err in granting summary judgment for PECO. AFFIRMED.
 
 
 
 *
 Honorable William W. Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3