On petitioner on review and respondent on review's petitions for reconsideration filed April 22 and April 28, considered and under advisement on June 2; respondent on review Con-Way's petition for reconsideration is denied, petitioner on review Allianz's and respondent on review London's petition for reconsideration is allowed, former opinion is modified and adhered to as modified June 24, 2021*

ALLIANZ GLOBAL RISKS
US INSURANCE COMPANY
and Allianz Underwriters Insurance Company,
*Petitioners on Review,*

*v.*

ACE PROPERTY & CASUALTY
INSURANCE COMPANY,
as Successor to Aetna Insurance Company;
Certain Underwriters at Lloyd's London;
Certain London Market Insurance Companies;
General Insurance Company; and
Westport Insurance Corporation,
as Successor to Puritan Insurance Company,
*Respondents on Review,*

*and*

CON-WAY, INC.,
as Successor to Consolidated Freightways, Inc.,
*Respondent on Review,*

*and*

ALLSTATE INSURANCE COMPANY,
as Successor to Northbrook Excess and Surplus
Insurance Company, fka Northbrook
Insurance Company; et al.,
*Defendants.*

Court of Appeals
A159758 (Control)

ALLIANZ GLOBAL RISKS
US INSURANCE COMPANY
and Allianz Underwriters Insurance Company,
*Petitioners on Review,*

---

\* 367 Or 711, 483 P3d 1124 (2021); on review from the Court of Appeals, 297 Or App 434, 442 P3d 212 (2019).

*v.*

ACE PROPERTY & CASUALTY
INSURANCE COMPANY,
as Successor to Aetna Insurance Company;
General Insurance Company; and
Westport Insurance Corporation,
as Successor to Puritan Insurance Company,
*Respondents on Review,*

*and*

AMERICAN HOME ASSURANCE COMPANY;
Certain Underwriters at Lloyd's London;
Certain London Market Insurance Companies;
Continental Casualty Company;
Lexington Insurance Company;
Northern Assurance Company of America,
*Respondents on Review,*

*and*

CON-WAY, INC.,
as Successor to Consolidated Freightways, Inc.,
*Respondent on Review,*

*and*

ALLSTATE INSURANCE COMPANY,
as Successor to Northbrook Excess and Surplus
Insurance Company, fka Northbrook
Insurance Company; et al.,
*Defendants.*

Court of Appeals
A159858

(CC 120404552)
(CA A159758 (Control), A159858)
(SC S067017)

489 P3d 115

In an insurance company's civil action seeking equitable and statutory contribution from other insurers for claims and defense costs the insurer paid on behalf of its insured, the Supreme Court originally reversed the decision of the Court of Appeals, affirmed in part and reversed in part the trial court's limited judgments, and remanded to the trial court for further proceedings. *Held*: The opinion of the Supreme Court is adhered to as modified.

Respondent on review Con-Way's petition for reconsideration is denied. Petitioner on review Allianz's and respondent on review London's petition for reconsideration is allowed. The former opinion is modified and adhered to as modified.

C. Robert Steringer, Harrang Long Gary Rudnick P.C., Portland, filed the petition for reconsideration on behalf of Allianz Global Risks US Insurance Company, Allianz Underwriters Insurance Company, Certain Underwriters at Lloyd's London and Certain London Market Insurance Companies and the response to the petition for reconsideration on behalf of Allianz Global Risks US Insurance Company and Allianz Underwriters Insurance Company. Also on the petition and response were James E. Mountain, Jr., and Erica R. Tatoian, Harrang Long Gary Rudnick P.C., Portland. Also on the petition were Margaret H. Warner and Ryan S. Smethurst, McDermott Will & Emery LLP, Washington, DC, Charles Henty, Carl E. Forsberg, and Matthew S. Adams, Forsberg & Umlauf, P.S., Seattle, Washington, Timothy R. Volpert, Tim Volpert PC, Portland, and Matthew B. Anderson, Mendes & Mount, LLP, New York, New York.

Robert A. Koch, Tonkon Torp, Portland, filed the petition for reconsideration and response to the petition for reconsideration for Con-way, Inc. Also on the petition were Frank J. Weiss and Anna K. Sortun.

Thomas M. Christ, Sussman Shank LLP, Portland, filed the response to the petition for reconsideration for General Insurance Company.

Before Walters, Chief Justice, and Balmer, Nakamoto, Duncan, and Nelson, and Garrett, Justices, and Rives Kistler, Senior Judge, Justice pro tempore.**

_____

** Flynn, J., did not participate in the consideration or decision of this case.

BALMER, J.

Respondent on review Con-Way's petition for reconsideration is denied. Petitioner on review Allianz's and respondent on review London's petition for reconsideration is allowed. The former opinion is modified and adhered to as modified.

**BALMER, J.**

Various parties petition this court for reconsideration of its decision in *Allianz Global Risks v. ACE Property & Casualty Ins. Co.*, 367 Or 711, 483 P3d 1124 (2021). Petitioner on review Allianz Global Risks US Insurance Company and Allianz Underwriters Insurance Company ("Allianz"), together with respondent on review Certain Underwriters at Lloyd's, London and Certain London Market Insurance Companies ("London"), filed a petition for reconsideration (the "Allianz/London petition") on two grounds: (1) that the court in one place in the opinion incorrectly characterized its earlier cases regarding the duties of an insurer to defend or indemnify its insured, and (2) that the court in several places incorrectly identified a particular entity as the "indemnitor" in several agreements discussed in the opinion. Respondent on review Con-Way filed a petition for reconsideration asserting that the court erred in holding that certain "side" agreements between Con-Way and three of its insurers were to be considered separately from the insurance policies that those companies issued to Con-Way's subsidiary, Freightliner.

General Insurance Company ("General") filed a response to the Allianz/London petition, joining in their first argument (regarding an insurer's duties), and taking no position on their second argument (regarding "indemnitors"). Con-Way also filed a response to the Allianz/London petition, joining in the first argument and not opposing the second. Finally, Allianz filed a response to Con-Way's petition, arguing that the petition merely reprised Con-Way's earlier arguments and sought to have the court reverse its holding in *Allianz* regarding the side agreements and the insurance policies.

We have considered the arguments in Con-Way's petition, and we deny the petition. The petition primarily asserts arguments that Con-Way previously made and that this court rejected in its opinion. *See Allianz*, 367 Or at 732-47. To the extent that Con-Way raises what might be considered new arguments—such as the possible distinction between what it calls "partial fronting agreements" and "full fronting agreements"—those arguments were not

raised below and we decline to consider them at this point. *Kentner v. Gulf Ins. Co.*, 298 Or 69, 74, 689 P2d 955 (1984) ("The purpose of a rehearing is not to raise new questions or rehash old arguments, but to allow the court to correct mistakes and consider misapprehensions."). In any event, those newly raised arguments would not lead to a different analysis or result, at least on the facts here.

We turn to the Allianz/London petition. We allow that petition and make two modifications to our opinion. The first error identified by the Allianz/London petition focuses on the emphasized portions of this passage:

> "The existence of side agreements, indemnification promises, or an insured's waiver of policy terms is simply irrelevant to the contribution rights set out in the OECAA. Under that statute, as under our coverage cases, *see Ledford* [*v. Gutoski*, 319 Or 397, 399-400, 877 P2d 80 (1994)], whether an insurance company has a *'duty to defend or indemnify'* its insured depends on two documents: the insurance policy and the complaint. Here, whether defendant insurers had a *duty to defend or indemnify* Freightliner under their policies—and therefore are 'liable or potentially liable' for contribution to Allianz on the environmental claims—are questions of law for the court, and they turn solely on the terms of the applicable insurance policies and the complaints that raise the environmental claims at issue."

*Allianz*, 367 Or at 744 (emphases added). General and Con-Way both join Allianz and London in identifying this as an erroneous statement of law by the court. They are correct. The passage in *Allianz* set out above misquotes *Ledford* as referring to the "duty to defend or indemnify," although *Ledford* in that sentence refers only to the "duty to defend," *Ledford*, 319 Or at 399. The passage is thus inconsistent with the standard set out in *Ledford*, which treats the duty to defend and the duty to indemnify as distinct:

> "Whether an insurer has a duty to defend an action against its insured depends on two documents: the complaint and the insurance policy. An insurer has a duty to defend an action against its insured if the claim against the insured stated in the complaint could, without amendment, impose liability for conduct covered by the policy.
>
> "* * * * *

"* * * The duty to indemnify is independent of the duty to defend. Even when an insurer does not have a duty to defend based on the allegations in the initial complaint, the facts proved at trial on which liability is established may give rise to a duty to indemnify if the insured's conduct is covered.

"* * * * *

"In order for the duty to indemnify to arise, the insured must be liable for harm or injury that is covered by the policy. * * *"

*Ledford*, 319 Or at 399, 403, 405 (citations omitted).

The parties note that, elsewhere in this court's opinion in *Allianz*, the court correctly articulated the *Ledford* standard:

"The question whether the insurer is required to defend against particular claims depends on the policy and allegations in the complaint asserting the claims—the 'four-corners' and 'eight-corners' rules discussed above. The question of whether an insurer must pay or indemnify its insured for particular claims is a question of fact for the jury, if the facts are disputed, and depends on whether the circumstances established the insured's liability."

*Allianz*, 367 Or at 736. It was not the court's intention in the passage at page 744, quoted above, to modify, much less abrogate, the standard articulated in *Ledford*. Accordingly, we modify that passage to read as follows:

"The existence of side agreements, indemnification promises, or an insured's waiver of policy terms is simply irrelevant to the contribution rights set out in the OECAA. Under that statute, as under our coverage cases, *see Ledford*, 319 Or at 399-400, whether an insurance company has a 'duty to defend' its insured depends on two documents: the insurance policy and the complaint. Here, whether defendant insurers had a duty to defend Freightliner under their policies is a question of law for the court, and turns solely on the terms of the applicable policies and the complaints that raise the environmental claims at issue."

Second, Allianz and London point out that the opinion incorrectly describes Freightliner as the "indemnitor"

in several places where it discusses the side agreements between Con-Way and three of its insurers, and seek correction of the following passages:

> "Con-Way asserts that none of the insurance companies can be liable to Allianz because they never had any obligation to Freightliner in the first place—essentially arguing that the 'insurance policies' were meaningless because, under the side agreements, *Freightliner had agreed to indemnify the insurers* against all liability for claims made under the policies."

*Allianz*, 367 Or at 740 (emphasis added).

> "Here, however, the insurance policies themselves *do* include a duty to defend and a duty to indemnify for covered claims, even though *Freightliner separately agreed to indemnify each insurer* for damages and defense costs that it might incur under the policies it issued."

*Id.* (first emphasis in original; second emphasis added).

> "Although *Freightliner agreed to indemnify the insurance companies* for expenses they incurred under the policies, the insurance companies were 'on the hook unless and until [*Freightliner*] performed.'"

*Id.* at 741 (emphases added; brackets in original).

Allianz and London are correct. Freightliner is not a party to the indemnification agreements to which those passages refer. Rather, the agreements make clear that "Consolidated Freightways, Inc."—later known as Con-Way—is the indemnitor. And the opinion correctly refers to Con-Way as the indemnitor in other places. *See, e.g.*, *id.* at 737. The parties note that the record does not suggest that Freightliner itself ever entered into any indemnification agreements.

Referring to "Freightliner" as having agreed to indemnify the insurers was a mistake. We allow the Allianz/London petition for reconsideration to modify the above-quoted passages at pages 740 and 741 to read, respectively, as follows:

> "Con-Way asserts that none of the insurance companies can be liable to Allianz because they never had any obligation to Freightliner in the first place—essentially arguing that

the 'insurance policies' were meaningless because, under the side agreements, Con-Way had agreed to indemnify the insurers against all liability for claims made under the policies.

"* * * * *

"* * * Here, however, the insurance policies themselves *do* include a duty to defend and a duty to indemnify for covered claims, even though Con-Way separately agreed to indemnify each insurer for damages and defense costs that it might incur under the policies it issued. * * *

"* * * * *

"* * * Although Con-Way agreed to indemnify the insurance companies for expenses they incurred under the policies, the insurance companies were 'on the hook unless and until [Con-Way] performed.'"

Respondent on review Con-Way's petition for reconsideration is denied. Petitioner on review Allianz's and respondent on review London's petition for reconsideration is allowed. The former opinion is modified and adhered to as modified.