Argued and submitted November 21, 1984, reversed and remanded March 6, 1985

AVRIT et al,
*Appellants,*

*v.*

FOREST INDUSTRIES INSURANCE
EXCHANGE et al,
*Respondents.*

(83-1094-C; CA A31290)

696 P2d 583

David L. Rich, Hillsboro, argued the cause for appellants. With him on the briefs were Fred C. Nachtigal, and Fryer, Rich & Nachtigal, Hillsboro.

Joe W. Much, Salem, argued the cause for respondent Forest Industries Insurance Exchange, an Oregon corporation. With him on the brief was Spooner & Much, Salem.

John C. Ray, Beaverton, argued the cause for respondents Jack Barber Insurance Agency and Linda Barber. With him on the brief was Thompson, Adams & DeBast, Beaverton.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

YOUNG, J.

## YOUNG, J.

Plaintiffs appeal from a judgment entered after the trial court granted defendants' motions to dismiss the first amended complaint on the ground that it failed to state ultimate facts sufficient to constitute a claim. ORCP 21A(8). We determine that the allegations are sufficient and reverse.

The amended complaint contains two alternative claims: either defendant Forest Industries Insurance Exchange (Forest Industries) breached a contract of insurance or defendant Jack Barber Insurance Agency (Barber Insurance) and its agent and employe defendant Linda Barber negligently failed to obtain the issuance of the insurance contract. The decisive issue for both claims is whether plaintiffs have alleged an insurable interest in the property covered by the insurance contract. If they have not, there was no enforceable contract for Forest Industries to breach, and any negligence of Barber Insurance in failing to procure the insurance could not have damaged plaintiffs.

Plaintiffs allege that in May, 1982, they entered into an enforceable earnest money agreement, a copy of which is annexed to the complaint and incorporated by reference, to purchase a house and lot for $120,000. Under the agreement, plaintiffs paid $1,000 as earnest money with an additional $29,500 to be paid at closing. The sale was to close "on or before July 15, 1982," and possession of the property "shall be deemed delivered when seller has vacated the property and delivered [the] keys." The agreement requires the seller to keep the property insured "until possession is delivered or recording of the * * * deed or contract, whichever first occurs."

The remaining relevant allegations are that on July 8, 1982, plaintiffs arranged with Linda Barber to obtain a homeowner's insurance policy from Forest Industries, insuring the property for $162,000. When plaintiffs signed an application for the insurance, Barber assured them that the coverage would be effective immediately.

Before the closing date, and before plaintiffs acquired possession, the improvements on the property were destroyed by fire. On July 20, plaintiffs notified Barber Insurance of the loss. Linda Barber had failed to submit a binder for homeowner's insurance coverage. In August, plaintiffs filed a claim

with Forest Industries. Defendants refused to pay any portion of the loss. Plaintiffs claim damages of $162,000.

■ If an insured does not have an insurable interest in the property insured, the insurance contract is not enforceable. ORS 743.033 provides:

> "No policy of insurance of property or of any interest in property or arising from property shall be enforceable as to the insurance except for the benefit of persons having an insurable interest in the things insured as at the time of the loss."[1]

Because an insurable interest must exist to recover on an insurance contract, to be sufficient a complaint must allege an insurable interest. *Fenter v. Gen. Acc. Fire and Life Assur.,* supra n 1, 258 Or at 546; *Price v. United Pacific Cas. Ins. Co.,* 153 Or 259, 262, 56 P2d 116 (1936).

Forest Industries contends that, because the earnest money agreement required the seller to insure the property and because ORS 93.290[2] placed the risk of loss on the seller, plaintiffs risked no pecuniary loss and thus, as a matter of law, had no insurable interest. Although not clearly articulated, we understand Barber Insurance to contend further, with respect to plaintiffs' tort claim, that its liability, if any, for negligent failure to obtain the insurance is predicated on the existence of an insurable interest in the property. If plaintiffs could not insure the property because they had no insurable interest in

---

[1] Before the adoption of ORS 743.033, the case law was that the insurable interest must exist when the insurance contract was made *and* when the loss occurred. *See, e g., Fenter v. Gen. Acc. Fire and Life Assur.,* 258 Or 545, 546 n 2, 484 P2d 310 (1971).

[2] ORS 93.290 provides:

> "Any contract made on or after August 3, 1955, in this state for the purchase and sale of realty shall be interpreted as including an agreement that the parties shall have the following rights and duties, unless the contract expressly provides otherwise:

> "(1) If, when neither the legal title nor the possession of the subject matter of the contract has been transferred, all or a material part thereof is destroyed without fault of the purchaser or is taken by eminent domain, the vendor cannot enforce the contract, and the purchaser is entitled to recover any portion of the price that he has paid;

> "(2) If, when either the legal title or the possession of the subject matter of the contract has been transferred, all or any part thereof is destroyed without fault of the vendor or is taken by eminent domain, the purchaser is not thereby relieved from a duty to pay the price, nor is he entitled to recover any portion thereof that he has paid."

it, they could not be damaged by a failure to obtain an otherwise unenforceable contract.

■ ■ The primary rationale underlying the "insurable interest" requirement is to prevent wagering policies in which the insured's only interest in the property insured is in its loss or destruction. *Fenter v. Gen. Acc. Fire and Life Assur., supra* n 1, 258 Or at 551. If the insured party can demonstrate any direct pecuniary interest in the insured property, an insurable interest exists:

> "It is well settled that anyone has an insurable interest in property who derives a benefit from its existence or would suffer loss from its destruction. It is sufficient to constitute an insurable interest in property that the insured is so situated with reference to the property that he would be liable to loss should it be injured or destroyed by the peril against which it is insured." *Bird v. Central Mfg. Ins. Co.*, 168 Or 1, 6, 120 P2d 753 (1942).

However, as the court observed in *Fenter,* it is not necessary that the interest be such that the risk insured would necessarily subject the insured to a loss: " 'It is sufficient that it might do so, and that pecuniary injury would be the natural consequence.' " 258 Or at 552, *quoting Riggs v. Commercial Mut. Ins. Co.,* 125 NY 7, 25 NE 1058 (1890).

■ In *Fenter* the insured brought an action on a contract of fire insurance. The trial court dismissed the complaint, holding that the plaintiff had not alleged an insurable interest. Before the fire loss, the insured's real property had been foreclosed for nonpayment of taxes, the statutory redemption period had expired and the property had been deeded to the county. Under ORS 275.180(1), the county could sell the property to the record owner or contract purchaser for a price not less than the delinquent taxes and interest. The court found that the insured's interest was sufficient:

> "In the present case there was, at the time of the fire, a possibility that the damage it caused would result in financial injury to plaintiff. We cannot, from the allegations of the complaint, measure the probability that there was an actual loss. That depends upon such considerations as the value of the property before and after the fire and the likelihood that the county would reconvey the property to plaintiff at a favorable price. We do think it significant that plaintiff's rights under the statute were, by its terms, assignable. We

think the pleadings disclose a possibly marketable interest of undisclosed value at the time of the fire. We are not willing to say that plaintiff's liability to loss was as a matter of law too insubstantial to constitute an insurable interest. He should have an opportunity to prove what he stood to lose, and what loss he actually suffered, as a result of the fire." 258 Or at 552.

In the present case, as in *Fenter,* there was, at the time of the fire, a possibility that the damage it caused would result in financial injury to plaintiffs. Although the complaint does not specifically state the amount of plaintiffs' actual loss as a result of the fire, that is a matter of proof for trial. *Compare Yoshida v. Security Ins. Co.,* 145 Or 325, 337, 26 P2d 1082 (1933) (holding it sufficient to allege facts inferentially showing an insurable interest).

Defendants urge that any conclusion holding that plaintiffs, under these facts, have an insurable interest in the property will encourage wagering. We disagree. In *Transportation Equipment Rentals v. Oregon Auto Insurance,* 257 Or 288, 295-96, 478 P2d 620 (1970), the court stated:

"An insured may collect on a policy of property insurance only by showing both an insurable interest and a loss by reason of the damage to or destruction of the property. The rule is stated in 4 Appleman, Insurance Law and Practice 16-17, § 2107, as follows:

" 'A contract of fire insurance is a personal contract for indemnity for the insurable interest possessed by the insured at the time of the issuance of the policy, and also at the time of loss. The insurer's liability is measured thereby. All such contracts of property insurance, whether of fire, marine, or other types are considered contracts of indemnity, intended solely to indemnify the insured for his actual monetary loss by the occurrence of the disaster. Unless the insured has sustained an *actual loss,* the insurer has no liability.' " (Emphasis supplied.)

The *Fenter* court observed that the requirement that an actual loss be proved operates as an assurance—beyond the insurable interest requirement—that the property will not be deliberately destroyed.[3] 258 Or at 552 n 5.

---

[3] In *Treit v. Ore. Automobile Ins. Co.,* 262 Or 549, 553, 499 P2d 335 (1972), the court observed that an insurable interest should be viewed in terms of the insured's "economic interest in the property insured and not whether the insured is an innocent purchaser." In the present case, by the terms of the earnest money agreement, plaintiffs have an "economic interest" in the property insured.

It is elementary that an insured cannot be indemnified for a loss that was not suffered. Neither can Barber Insurance be liable because of any negligence on its part in failing to obtain the policy for more than the actual damages proved. We need not speculate about what plaintiffs' proof will show their actual loss to be. We hold only that the first amended complaint alleges an insurable interest and thereby states a claim against each defendant.

Reversed and remanded.