RELATIONAL SYSTEMS INTERNATIONAL
CORPORATION,
*Appellant,*

*v.*

CABLE,
*Respondent.*

(150,193; CA A35518)

720 P2d 402

Mark L. Zipse, Portland, argued the cause for appellant. On the briefs were Peter R. Chamberlain, and Bodyfelt Mount Stroup & Chamberlain, Portland.

James M. Callahan, Portland, argued the cause for respondent. With him on the brief was Bittner & Barker, P.C., Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

Buttler, P. J., dissenting.

## ROSSMAN, J.

Plaintiff brings this action for property damages caused by defendant's negligent design and construction of the building which he owns and in which plaintiff was a tenant. The trial court granted defendant's motion for summary judgment. We reverse and remand.

Defendant designed and constructed a small office building. When construction was complete, he retained ownership and entered into an agreement whereby plaintiff leased office space in the building. On February 12, 1983, a fire broke out in the building, resulting in damage to plaintiff's property. Plaintiff alleged that the fire damage was caused by defendant's negligence in the design and construction of the building, in the building materials used, in the building specifications and in defendant's failure to conform the building's construction to the Uniform Building Code. Defendant raised as an affirmative defense a "Waiver of Subrogation" clause in the lease agreement which purportedly waives all claims between the parties. The trial court granted a motion for summary judgment and entered judgment for defendant.

■ The lease agreement includes a reciprocal clause that waives all claims for loss which can be insured against by a standard form of fire insurance.[1] Liability is waived whether caused by the negligence of the lessor or of the lessee. Plaintiff argues that the waiver applies only to claims arising out of the

---

[1] The clause provides:

"Neither the lessor nor the lessee shall be liable to the other for loss arising out of damage to or destruction of the leased premises, or the building or improvement of which the leased premises are a part or with which they are connected, or the contents of any thereof, when such loss is caused by any of the perils which are or could be included within or insured against by a standard form of fire insurance with extended coverage, including sprinkler leakage insurance, if any. All such claims for any and all loss, however caused, hereby are waived. Such absence of liability shall exist whether or not the damage or destruction is caused by the negligence of either lessor or lessee or by any of their respective agents, servants or employees. It is the intention and agreement of the lessor and the lessee that the rentals reserved by this lease have been fixed in contemplation that each party shall fully provide his own insurance protection at his own expense, and that each party shall look to his respective insurance carriers for reimbursement of any such loss, and further, that the insurance carriers involved shall not be entitled to subrogation under any circumstances against any party to this lease. Neither the lessor nor the lessee shall have any interest or claim in the other's insurance policy or policies, or the proceeds thereof, unless specifically covered therein as a joint assured."

parties' landlord-tenant relationship and that it does not insulate one party from liability for negligence committed in a different capacity. Defendant responds that the lease means what it says and, therefore, that plaintiff has waived all claims regardless of the capacity in which defendant is acting.

The lease agreement is a contract between the parties by which they established a landlord-tenant relationship. There is no indication that, at the time when they entered into it, the parties in any way contemplated that the lease would govern their liabilities to each other in any other possible relationship. In fact, the waiver clause specifies that liability is waived even for negligence of either "lessor" or "lessee," which indicates that the waiver was meant to be a limitation on liability for damages caused within the contractual relationship.

On the one hand, defendant designed and constructed an office building. As a builder and designer, he is liable for damages caused by his negligence in that capacity. If he sold the property, he could still be held liable for negligence if foreseeable plaintiffs are injured. However, he retained ownership of the premises and leased office space to plaintiff. Defendant would have us read the lease to protect him from liability for his negligence that occurred before the agreement ever existed and wholly separate from the landlord- tenant relationship.

That result would be unreasonable and unfair. A designer-builder would be liable for damages to any party injured by his or her negligence, except a party that happened to be the designer-builder's tenant. Tenants could recover from a designer or builder, except when the designer or builder happened to be the owner of the building. Taking defendant's argument to its logical conclusion, the waiver clause would insulate a landlord or tenant from liability if either negligently drove a car into the building and damaged the other's property.

The dissent asserts that, because plaintiff's damage resulted from occupancy of the premises under a lease agreement, the lease provisions apply to bar this claim. We disagree. A party can commit negligent acts in numerous capacities, *e.g.*, as a driver of a motor vehicle, as a landowner, as a professional performing services. The mere fact that the party

signs an agreement insulating it from liability in one capacity does not insulate it from liability in every other capacity.

■■ A lease agreement is entered into to govern the lessee-lessor relationship. Unless the agreement so provides, it does not govern all possible relationships and claims between the contracting parties, only those that arise out of the contractual relationship. When one of the parties causes damage by negligence unconnected to the lease relationship, the lease agreement does not control the party's liability in the absence of a specific provision to that effect.

Plaintiff cites *Ultimate Computer Services v. Biltmore Rlty.,* 183 NJ Super 144, 443 A2d 723 (1982), to support its claim. Although, in *Ultimate Computer,* the exculpatory clause protected only the landlord from liability, we nonetheless find the court's reasoning persuasive when the waiver is reciprocal. The facts there were similar to the facts before us. The New Jersey court reasoned that the boundaries of the field of exempted liability are staked out by the legal relationship which the parties mutually assumed, that of landlord and tenant. The basic objective of the lease agreement was to define the reciprocal obligations in the letting and occupancy of property. The court held that the clause did not protect the landlord from liability for negligence that had occurred when he designed and constructed the building in which the injured plaintiff was a tenant.

Plaintiff also challenges the award to defendant of attorney fees based on the provision for attorney fees in the lease agreement. Because we reverse the judgment, we also reverse the award of attorney fees.

Reversed and remanded.

**BUTTLER, P. J.,** dissenting.

The damage plaintiff suffered resulted from its occupancy of the premises as a tenant under the lease. The situation is the same as it would be if the landlord, acting as his own handyman, negligently repaired the premises, causing damage to a tenant's property. In either case, the waiver and nonsubrogation provision of the lease is applicable to the tenant's claim. The terms of that provision are clear and unambiguous and preclude plaintiff's claim for damages. The trial court did not err in granting defendant's motion for

summary judgment or in awarding attorney fees pursuant to the lease provision.

Accordingly, I respectfully dissent.