Argued and submitted November 5, 1986, Court of Appeals reversed and trial court
affirmed January 6, 1987

RELATIONAL SYSTEMS
INTERNATIONAL CORPORATION,
*Respondent on Review,*

*v.*

CABLE,
*Petitioner on Review.*

(TC 150193; CA A35518; SC S33030)

731 P2d 432

James M. Callahan, Portland, argued the cause for petitioner on review. With him on the brief was Bittner & Barker, P.C, Portland.

Peter R. Chamberlain, Portland, argued the cause for respondent on review. With him on the brief was Bodyfelt, Mount, Stroup & Chamberlain, Portland.

PER CURIAM

## PER CURIAM

Defendant designed and constructed a commercial building on his property. He retained ownership and leased a portion of the building to plaintiff. The parties entered into a lease which contained a clause entitled "Waiver of Subrogation Rights." The clause in effect provided, among other things, that neither party shall be liable to the other for loss arising out of damage to the leased premises, or the contents thereof, when such loss is caused by any of the perils which are or could be insured against by a standard form of fire insurance with extended coverage. A fire damaged plaintiff's property on the leased premises. Plaintiff filed this action alleging that defendant was negligent in his capacity as designer /builder of the premises.

The trial court granted defendant's motion for summary judgment. The Court of Appeals reversed the trial court in a 2-1 decision and remanded the case for trial. 79 Or App 712, 720 P2d 402 (1986). We reverse the Court of Appeals and affirm the trial court.

The issue is: Did the "Waiver of Subrogation Rights" clause in the lease bar claims by a tenant against an owner based upon the negligence of the owner in his capacity as the builder/designer rather than his capacity as a landlord?

Plaintiff's complaint alleged that the fire was caused to spread from its point of origin by the negligence of defendant in the design and construction of the building, the building material used, the building specifications and failure to conform the construction to the Uniform Building Code. Plaintiff also alleged that but for defendant's negligence, the fire would have burned itself out in the trash can where it originated.

Defendant moved for summary judgment on the grounds that there was no genuine issue of material fact and that he was entitled to judgment as a matter of law. Defendant attached to his motion a copy of the lease between the parties.[1]

---

[1] Defendant in his petition for review by this court stated as one of his reasons for review: "The 'Waiver of Subrogation' clause at issue in this case is widely used in commercial leases and the Court of Appeals decision will have a significant impact on others similarly situated." We have no way of knowing whether the clause in question is widely used in commercial leases but the clause is part of a printed form lease.

The lease contains a "Waiver of Subrogation Rights" clause. The relevant parts read:

"Neither the lessor nor the lessee shall be liable to the other for loss arising out of damage to * * * the leased premises, * * * or the contents * * * thereof, when such loss is caused by any of the perils which are or could be * * * insured against by a standard form of fire insurance with extended coverage * * *. All such claims for any and all loss, however caused, hereby are waived. Such absence of liability shall exist whether or not the damage * * * is caused by the negligence of either lessor or lessee * * *. It is the intention and agreement of the lessor and the lessee that the rentals reserved by this lease have been fixed in contemplation that each party shall fully provide his own insurance protection at his own expense, and that each party shall look to his respective insurance carriers for reimbursement of any such loss, and further, that the insurance carriers involved shall not be entitled to subrogation under any circumstances against any party to this lease. * * *."

Defendant in his motion for summary judgment argued that because plaintiff's damages resulted from a fire that could have been covered by a standard form of fire insurance under ORS 743.609, plaintiff's claim against defendant is waived.

Plaintiff does not contend that the fire loss would not be covered under a standard form fire insurance policy; it contends that the lease provision only gives defendant immunity from liability arising from the landlord/tenant relationship. Plaintiff argues that the negligence alleged in its complaint occurred before the lease was entered into and during the time that defendant was acting as a designer/builder and not as a landlord.

Plaintiff chiefly relies upon a case from the Appellate Division of the Superior Court of New Jersey, *Ultimate Computer Services v. Biltmore Realty Co.*, 183 NJ Super 144, 443 A2d 723 (App Div 1982), which we find to be unpersuasive as to the issue before us.[2] The provision in that case differed materially from the provision in the present lease.

---

[2] *Ultimate Computer Services v. Biltmore Realty Co.*, 183 NJ Super 144, 443 A2d 723, 30 ALR 4th 963 (App Div 1982), is the lead case in an annotation entitled, "Applicability of exculpatory clause in lease to lessee's damages resulting from defec-

We hold that the "Waiver of Subrogation Rights" provision in this case is clear and unambiguous. It means what it says. All claims, however caused, that are or could be covered by a standard fire insurance policy are waived and there shall be no subrogation under any circumstance. The claim set out in plaintiff's complaint could have been covered by a standard fire insurance policy. The parties fixed the amount of rent upon the premise that each would furnish its own fire insurance at its own expense.

The trial court properly entered a summary judgment for defendant.

The Court of Appeals is reversed and the trial court is affirmed.

---

tive original design or construction." Annot., 30 ALR 4th 971 (1984).

Plaintiff has also cited to us other cases including *E. P. Plaza, Inc. v. Sugrue,* 144 Ga App 543, 241 SE2d 644 (1978), *overruled on other grounds, Country Club Apartments, Inc. v. Scott,* 246 Ga 443, 271 SE2d 841 (1980), and *Insurance Co. of North America v. Gulf Oil Corp.,* 106 Ga App 382, 127 SE2d 43 (1962). We have examined these cases but find it unnecessary to discuss them.