Submitted on petition for attorney fees and on motion to remand January 16, motion to remand allowed; petition for attorney fees denied with leave to renew March 17, 1987

## RELATIONAL SYSTEMS INTERNATIONAL CORPORATION,
*Respondent on Review,*

*v.*

## CABLE,
*Petitioner on Review.*

(TC 150193; CA A35518; SC S33030)

733 P2d 1379

James M. Callahan, of Bittner & Barker, P.C., Portland, filed the petition for attorney fees for petitioner on review.

Peter R. Chamberlain, of Bodyfelt, Mount, Stroup & Chamberlain, Portland, filed the motion to remand for respondent on review.

PER CURIAM

## PER CURIAM

This case is before us on competing post decision petitions of the parties. Petitioner Cable, who prevailed in this court[1] on the issue of the applicability of a provision in a lease to a dispute between Cable and respondent Relational Systems, petitions for an award of attorney fees and costs pursuant to another provision of the same lease. For its part, Relational Systems has filed a "Motion to Remand," contending that this court should modify its previous disposition of this case. We conclude that Relational Systems' motion should be allowed; Cable's claim is premature.

This case was originally appealed to the Court of Appeals by Relational Systems, which asserted two assignments of error. The first assignment argued the inapplicability of the lease provision. The second argued that, even if the lease provision were applicable, a separate provision dealing with costs and attorney fees was not applicable. The Court of Appeals agreed with the first assignment of error and, therefore, never reached the second. *Relational Systems International v. Cable,* 79 Or App 712, 720 P2d 402 (1986). Cable's petition to this court claimed only that the Court of Appeals had erred as to the issue it actually decided; our opinion reversing the Court of Appeals was likewise confined to the first issue.

It follows from the foregoing that there remains an issue as to costs and attorney fees that was briefed by the parties in the Court of Appeals but has never been addressed by either appellate court. We think it also follows that our original disposition in this case, which simply said, "The Court of Appeals is reversed and the trial court is affirmed," was in error. The case should have been remanded to the Court of Appeals for consideration of the attorney fees issue.

Cable's claim for attorney fees and costs is premature and must be denied for two reasons. First, if Relational Systems prevails on its second assignment of error, it will have obtained a substantial modification of the judgment being appealed and would, therefore, be the prevailing party. ORAP 11.05(4); ORS 20.015. Second, if Relational Systems prevails

---

[1] *Relational Systems International v. Cable,* 302 Or 471, 731 P2d 432 (1987).

on its second assignment of error, there may be no right of either party to claim attorney fees under the lease.

Treating the motion by Relational Systems as a petition for reconsideration, ORAP 10.21, reconsideration is granted. Our disposition of this case is modified to read as follows: "The decision of the Court of Appeals is reversed. The case is remanded to the Court of Appeals for consideration of the remaining assignment of error. The petition by Cable for an award of attorney fees is denied, with leave to renew it at the appropriate time in the Court of Appeals."