Argued and submitted October 17, 1988, affirmed June 21, 1989

## PORTLAND FREIGHT SERVICE, INC.,
*Appellant,*

*v.*

## CANADIAN IMPERIAL BANK OF COMMERCE,
*Respondent.*

(A8507-04717; CA A47005)

776 P2d 35

Gayle L. Troutwine, Portland, argued the cause for appellant. With her on the briefs was Williams & Troutwine, P.C., Portland.

Jeffrey J. Bennett, Portland, argued the cause for

respondent. With him on the brief was Bauer, Hermann, Fountain & Rhoades, P.C., Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

Plaintiff appeals the trial court's summary judgment for defendant on plaintiff's action for negligence. The issues are whether the action was barred as a matter of law by a subrogation of rights provision in a lease agreement and whether there was a material issue of fact as to whether that lease governed the parties' relationship. We affirm.

**1.** In May, 1980, plaintiff, as tenant, entered into a commercial lease agreement with Warrington, as landlord. The written agreement was replaced several times over the years, until the agreement at issue was signed in February, 1984. In October, 1984, Warrington conveyed the leased premises to defendant by a deed in lieu of foreclosure. In November, 1984, the premises were destroyed by fire. Plaintiff filed the present action against defendant, alleging negligence and seeking damages for business interruption.[1] In an amended answer to plaintiff's complaint,[2] defendant raised as an affirmative defense a provision in the lease agreement entitled "Waiver of Subrogation Rights," which provides, in pertinent part:

> "Neither the lessor nor the lessee shall be liable to the other for loss arising out of damage to or destruction of the leased premises * * * or the contents * * * thereof, when such loss is caused by any of the perils which are or could be included within or insured against by a standard form of fire insurance with extended coverage * * *. All such claims for any and all loss, however caused, hereby are waived. Such absence of liability shall exist whether or not the damage or destruction is caused by the negligence of either lessor or lessee * * *. It is the intention and agreement of the lessor and the lessee that the rentals reserved by this lease have been fixed in contemplation that each party shall fully provide his own insurance protection at his own expense, and that each party shall look to his respective insurance carriers for reimbursement of any such loss * * *."

The trial court entered summary judgment for defendant on the basis of the above provision. Plaintiff appeals.

---

[1] Plaintiff's action also named Warrington as a defendant on a breach of contract claim. A default judgment was entered against him, and no appeal was taken.

[2] Plaintiff argues that we should disregard the amended answer, because that answer was filed without leave of court. ORCP 23A. Plaintiff did not challenge the amended answer at any point in the proceedings below, and we will not entertain the challenge for the first time on appeal.

**2.**     Plaintiff argues that summary judgment was improper, because there were material issues of fact as to whether the lease agreement, in general, and the waiver provision, in particular, were binding on the parties. First, it argues that, because defendant alleged in its original answer that plaintiff was not its tenant, there is a material issue whether the lease provision is operative between the parties. We disagree. Although defendant's original answer denied the existence of a landlord-tenant relationship, the amended answer admitted the relationship and set out the waiver provision as an affirmative defense.[3] We conclude that there was no material issue as to whether the lease agreement was binding on the parties.

**3.**     Plaintiff also argues that there was a material issue as to whether the waiver provision was a valid condition in the lease. In opposition to defendant's motion for summary judgment, plaintiff submitted an affidavit by its president stating that the parties did not negotiate the waiver provision before the lease was signed and that he did not even realize the provision was in the lease. However, accepting that affidavit as true and construing the evidence in a light most favorable to plaintiff, we conclude that the waiver provision is still binding. As stated by the Supreme Court, "[i]n the absence of extraordinary circumstances, such as fraud or contracts of adhesion in a consumer context, failure to read an instrument is not a defense to enforcement." *NW Pac. Indem. v. Junction City Water Dist.,* 295 Or 553, 557 n 4, 668 P2d 1206 (1983), *mod on other grounds,* 296 Or 365, 677 P2d 671 (1984). Plaintiff did not assert in its pleadings or in the affidavits on the motion for summary judgment that such circumstances exist in this case.

Plaintiff next argues that, even if the written lease agreement governs the relationship between the parties, the waiver provision does not entitle defendant to judgment as a matter of law. It argues that the particular loss that it suffered, business interruption, is not one "which [is] or could be

---

[3] Plaintiff also argues that defendant is precluded from asserting the existence of a landlord-tenant relationship because defendant alleged, as an alternative defense in its amended answer, that plaintiff had been given notice to vacate the premises before the fire. We conclude that that was an alternative affirmative defense that, even if inconsistent with the other defenses, could not by itself create an issue of fact sufficient to defeat a summary judgment. *See* ORCP 16C.

included within or insured against by a standard form of fire insurance with extended coverage." In opposition to defendant's motion for summary judgment, plaintiff submitted an affidavit by an insurance agent stating that a standard fire insurance policy with extended coverage does not include coverage for business interruption. He argues that that affidavit puts in issue whether the loss he suffered is or could be insured against by such a policy.

4.      Even assuming that plaintiff's affidavit created an issue of fact regarding the insurability of business interruption losses, that issue is not material to plaintiff's action against defendant. Under the terms of the lease, plaintiff waived "[a]ll * * * claims for any and all loss" when "such loss is caused *by any of the perils which are or could be * * * insured against by a standard form of fire insurance with extended coverage.*" (Emphasis supplied.) We conclude that, under the terms of that provision, the material question is whether the *peril,* as opposed to the particular *loss,* is or could be insured against by a standard form of fire insurance with extended coverage. In support of its motion for summary judgment, defendant submitted an affidavit by an insurance agent stating that the peril in this case, a fire, is or could be insured against by a standard form of fire insurance with extended coverage. Plaintiff does not contest that fact in its pleadings, depositions or affidavits.

Plaintiff cites *Relational Systems International v. Cable,* 302 Or 471, 731 P2d 432 (1987), for the proposition that the issue under the waiver clause is whether the *claim* is or could be covered by a standard fire insurance policy with extended coverage. Although *Relational Systems International* involved a waiver provision identical to the provision here, the facts of the cases are different. In that case, the plaintiff sought to recover ordinary damages for property destroyed during a fire on premises leased from defendant, who was also the designer-builder of the premises. The issue was whether the waiver provision barred claims by a tenant against an owner based upon the negligence of the owner in his capacity as the builder-designer, rather than in his capacity as the landlord. The court stated, in *dictum,* that under the "clear and unambiguous" language of the provision, "[a]ll claims, however caused, that are or could be covered by a standard fire insurance policy are waived * * *." 302 Or at 475.

We conclude that the court's use of the phrase "all claims * * * that are or could be covered," rather than the more precise phrase used in the provision here, *i.e.,* "[all] loss * * * caused by * * * perils which are or could be [covered]," was unintended and, in any event, inconsequential to the outcome of that case. The test is whether the peril is or could be insured against by a standard form of fire insurance with extended coverage. Because there was no material issue about that question, summary judgment was properly granted.

Affirmed.