On petition for reconsideration filed December 23, 1999,* petition for reconsideration allowed; earlier decision modified; case remanded to Court of Appeals March 3, 2000

Terry FLEMING,
*Respondent on Reconsideration,*

*v.*

UNITED SERVICES AUTOMOBILE ASSOCIATION,
a foreign corporation,
*Petitioner on Reconsideration.*

(CC 9312-08128; CA A86826; SC S44805)

996 P2d 501

---

\* Appeal from Multnomah County Circuit Court. 144 Or App 1, 925 P2d 140 (1996), 329 Or 449, 988 P2d 378 (1999).

Lisa E. Lear and S. Joel Wilson, of Bullivant Houser Bailey, Portland, filed the petition for petitioner on reconsideration.

No appearance *contra*.

James E. Horne, of Peery, Hiscock, Pierson, Kingman & Peabody, PS, Seattle, Washington, filed a brief for *amicus curiae* Insurance Environmental Litigation Association.

John H. Holmes and William D. Okrent, of Holmes & Rickles, Portland, filed a brief for *amici curiae* National Association of Independent Insurers, Alliance of American Insurers, and American Insurance Association.

Philip Schradle, Christine A. Chute, and Kathleen Dahlin, Assistant Attorneys General, Salem, filed a brief for *amicus curiae* Department of Consumer and Business Services. With them on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Natalie L. Hocken, of Heller Ehrman White & McAuliffe, LLP, Portland, filed a brief for *amicus curiae* State Farm Fire and Casualty Insurance Company.

Thomas M. Christ, of Mitchell, Lang & Smith, and Thomas W. Brown, of Cosgrave, Vergeer & Kester LLP, Portland, filed a brief for *amici curiae* Mutual of Enumclaw Insurance Company, Grange Mutual Insurance Company, Oregon Mutual Insurance Company, North Pacific Insurance Company, and Oregon Automobile Insurance Company.

Mark L. Zipse, of Cavanagh & Zipse, and Priscilla F. Slocum, of Early, Maslach, Price & Baukol, Portland, filed a brief for *amici curiae* Farmers Insurance Company of Oregon, Farmers Insurance Exchange, Truck Insurance Exchange, and Mid-Century Insurance Exchange.

LEESON, J.

**LEESON, J.**

Petitioner United Services Automobile Association (USAA), supported by several *amici curiae*, petitions for reconsideration of this court's decision in *Fleming v. United Services Automobile Assn.*, 329 Or 449, 988 P2d 378 (1999). We allow the petition for reconsideration, modify our earlier decision, and remand the case to the Court of Appeals for further proceedings.

The issue in this case was whether plaintiff was entitled to insurance coverage for loss to his rental property that was caused by the clandestine operation of an illegal methamphetamine laboratory. *Fleming*, 329 Or at 452. This court held that, because the title "PERILS INSURED AGAINST" in USAA's policy violated ORS 742.246(2), plaintiff was entitled to coverage for his loss. *Id.* at 459.[1]

USAA contends that this court erred by failing to remand the case to the Court of Appeals for that court to address assignments of error numbers six, seven, eight, and fourteen in USAA's brief to that court. In its brief on the merits to this court, USAA did not request that relief. The better practice is for a party to identify any issue that might require remand following this court's review. *See Kentner v. Gulf Ins. Co.*, 298 Or 69, 74, 689 P2d 955 (1984) (discussing policy of promoting finality of appellate court decisions and conserving judicial time). Nonetheless, USAA is correct that our earlier decision did not dispose of those four assignments of error and that we should remand this case to the Court of Appeals for further proceedings. *See Relational Systems International v. Cable*, 303 Or 71, 72, 733 P2d 1379 (1987) (describing when this court should remand to consider remaining assignments of error).

USAA and *amici* raise a number of other arguments, most of which they make for the first time in their petitions for reconsideration. We decline to address the arguments that are made for the first time on reconsideration. *See*

---

[1] Because this court held that USAA's policy violated ORS 742.246(2) and, accordingly, that plaintiff was entitled to coverage for his loss, this court did not address plaintiff's alternative argument that the pollution exclusion clause, which appeared under the title "PERILS INSURED AGAINST," was ambiguous.

*Kentner*, 298 Or at 73-74 (stating general rule that contention not raised in original hearing will not be considered on reconsideration). However, several of the arguments that USAA and *amici* raise on reconsideration relate to this court's construction of ORS 742.246(2). We address those arguments. *See Stull v. Hoke*, 326 Or 72, 77, 948 P2d 722 (1997) ("In construing a statute, this court is responsible for identifying the correct interpretation, whether or not asserted by the parties.").

■     USAA and *amici* argue that, in construing and applying ORS 742.246(2), this court erroneously disregarded the fact that the Director of the Department of Consumer and Business Services (Director) had approved USAA's policy form as complying with the Insurance Code. *See* ORS 742.003 (requiring approval of insurance forms by Director of Department of Consumer and Business Services). They contend that, in light of the Director's statutory authority to approve or disapprove policy forms, courts no longer look to the statutes to determine whether a policy complies with the Insurance Code. This court previously has rejected that argument, and we continue to do so. *See Utah Home Fire Ins. Co. v. Colonial Ins. Co.*, 300 Or 564, 573 n 6, 715 P2d 1112 (1986) ("Approval by the Insurance Commissioner under ORS 743.006 [renumbered 742.003 in 1989] is no assurance that the approved language is consistent with the statutes.").

USAA and *amici* also argue that the explanatory title requirements in ORS 742.246(2) apply only to "standard" fire insurance policy forms, not to multi-peril insurance policy forms such as the one that USAA issued to plaintiff. They contend that, in holding to the contrary, this court misapplied the statutory construction methodology summarized in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993). Specifically, they argue that the court failed to consider ORS 742.246(1), which is the immediate statutory context of ORS 742.246(2). They also rely on ORS 742.202 and ORS 742.204, which, they contend, provide additional relevant context for construing the requirements in ORS 742.246(2). In their view, those statutes collectively compel the conclusion that the explanatory title requirements in ORS 742.246(2) do not apply to multi-peril insurance policy forms.

To facilitate our analysis of those arguments, we set out the relevant statutes.

ORS 742.202 provides:

"Except as provided in ORS 742.204, no fire insurer, its officers or agents, shall use any fire insurance policy or renew any fire insurance policy on property in this state unless it contains the provisions set forth in *ORS 742.206 to [ORS] 742.242*, which shall form a portion of the contract between the insurer and the insured."

(Emphasis added.)

ORS 742.204 provides:

"Any insurance policy that includes, either on an unspecified basis as to coverage or for a single premium, coverage against the peril of fire *and* substantial coverage against other perils need not comply with the provisions of ORS 742.202, *if* such policy:

"(1)  *Affords coverage with respect to the peril of fire, not less than the substantial equivalent of the coverage afforded by the provisions of the standard fire insurance policy as required by ORS 742.202*;

"(2)  Contains, without change, the provisions relating to mortgagee interests and obligations as required for the standard fire insurance policy by ORS 742.202; and

"(3)  Is complete as to all its terms without reference to the standard fire insurance policy or any other policy."

(Emphasis added.)

ORS 742.246 provides:

"(1)  A fire insurer may add, to the provisions required by ORS 742.202, other conditions, provisions, and agreements not in conflict with law or contrary to public policy.

"(2)  Any provision restricting or abridging the rights of the insured under the policy must be preceded by a sufficiently explanatory title printed or written in type not smaller than eight-point capital letters."

USAA and *amici* argue that ORS 742.246(1) makes clear that ORS 742.246(2) applies only to standard fire insurance policy forms. They contend that the reference to "the

policy" in ORS 742.246(2) is to the standard fire insurance policy that is issued by "[a] fire insurer" in ORS 742.246(1). USAA and *amici* then point out that the policy at issue in this case is not a standard fire insurance policy, but is, instead, a multi-peril policy. Because it is not a standard fire insurance policy, they contend, the policy form is exempt from the requirements in ORS 742.246(2).

■       USAA and *amici* are correct that ORS 742.246(1) permits a fire insurer to add to the provisions that are required by ORS 742.202 "other conditions, provisions, and agreements * * *" that are not in conflict with law or that are not contrary to public policy. However, they apparently draw from that statutory authorization the conclusion that, if an insurer offers a policy that provides coverage for loss from fire and also contains provisions that provide for coverage for loss from other perils, then that insurer no longer is a fire insurer and, therefore, no longer is subject to the requirements in ORS 742.246(2). We disagree. ORS 742.246(1) permits a fire insurer to add provisions to its policy. ORS 742.246(2) requires "[a]ny provision" in the policy to comply with the title requirements specified in that subsection. Nothing in ORS 742.246(1) suggests that a fire insurer may avoid the explanatory title requirements in ORS 742.246(2) simply by including provisions in addition to those that are required to be in a standard fire insurance policy.

■       In this case, USAA's policy provides that "any * * * loss to property described in Coverages A and B not excluded or excepted in this policy is covered." Loss from fire is not excluded or excepted. That USAA insures losses to property from sources other than fire does not mean that it is not also a fire insurer. We reject the argument that ORS 742.246(1) establishes that a multi-peril insurance policy that provides coverage for losses from sources in addition to loss from fire is exempt from the explanatory title requirements in ORS 742.246(2).

USAA and *amici* also contend that an examination of ORS 742.202 and ORS 742.204 demonstrates that ORS 742.246(2) does not apply to multi-peril insurance policies like the one that USAA issued to plaintiff. They argue that, because a multi-peril policy is not subject to the requirements

in ORS 742.204, neither is it subject to the requirements in ORS 742.246(2).

■ USAA and *amici* are correct that, under ORS 742.204, a policy of insurance that provides coverage for the peril of fire and substantial coverage against other perils does not need to comply with the requirements in ORS 742.202 *if* the policy satisfies the three requirements listed in ORS 742.204. One of those requirements is that the multi-peril policy must provide coverage with respect to the peril of fire that is not less than the substantial equivalent of the coverage afforded by the standard fire insurance policy. ORS 742.204(1). USAA and *amici* concede that the standard fire insurance policy form must comply with the title requirements in ORS 742.246(2).

As noted, the exemption in ORS 742.204 for multi-peril insurance policies is from the requirements in ORS 742.202. ORS 742.202, in turn, requires insurance policies that are issued by fire insurers to contain the provisions set forth in ORS 742.206 to ORS 742.242. Accordingly, the exemption in ORS 742.204 is an exemption only from the requirements in ORS 742.206 to ORS 742.242. ORS 742.204 does not exempt multi-peril policies from the requirements in ORS 742.246(2). To agree with USAA and *amici* that multi-peril policy forms are exempt from the requirements in ORS 742.246(2), this court would have to insert into ORS 742.204 an exemption that it does not contain, namely, an exemption for multi-peril policy forms from the requirements in ORS 742.246(2). Courts are not free to insert into a statute provisions that it does not contain. ORS 174.010.

ORS 731.008 also supports the conclusion that the legislature did not intend to limit the explanatory title requirements in ORS 742.246(2) only to standard fire insurance policy forms. ORS 731.008 provides that the purpose of the code "is for the protection of the insurance-buying public."

■ As noted, ORS 742.246(2) requires that provisions that restrict or abridge the rights of the insured under the policy be preceded by a sufficiently explanatory title that is printed or written in type not smaller than eight-point capital letters. The evident purpose of that statutory requirement is to have insurance policies contain explanatory titles that

will assist the insurance-buying public in understanding those policies. USAA and *amici* ask this court to construe the Insurance Code in a manner that would subject standard fire insurance policy forms to the requirements in ORS 742.246(2), but would exempt complex, multi-peril policy forms from those requirements. The effect of such a holding would be that the explanatory titles that the legislature intended to assist the insurance-buying public would not be required in circumstances where they would be of greatest assistance to the insurance-buying public, namely, in understanding complicated, multi-peril insurance policies. We find no evidence in the Insurance Code that the legislature intended such a result. We adhere to our earlier decision regarding the interpretation and application of the explanatory title requirements in ORS 742.246(2).

The petition for reconsideration is allowed. The earlier decision is modified. The case is remanded to the Court of Appeals for further proceedings.