Submitted on remand April 28, affirmed August 30, 2000

Terry FLEMING,
*Respondent,*

*v.*

UNITED SERVICES AUTOMOBILE ASSOCIATION,
a foreign corporation,
*Appellant.*

(9312-08128; CA A86826)

10 P3d 297

Lisa E. Lear argued the cause for appellant. With her on the briefs were Jeremy E. Zuck and Bullivant, Houser, Bailey, Pendergrass & Hoffman.

Robert E. L. Bonaparte argued the cause for respondent. With him on the brief was Bonaparte, Elliott & Ostrander, P. C.

Before Deits, Chief Judge, and De Muniz and Armstrong, Judges.

DEITS, C. J.

**DEITS, C. J.**

This action on a homeowner's insurance policy arose out of property damages that the plaintiff insured claims to have suffered as a result of his tenant's use of the house as a methamphetamine laboratory. As we first considered this case, the defendant insurer appealed from a judgment on a jury verdict in plaintiff's favor. We held that plaintiff was not entitled to recover under the terms of the policy, as a matter of law, and reversed the judgment. *Fleming v. United Services Automobile Assn.*, 144 Or App 1, 925 P2d 140 (1996). On review, the Supreme Court initially disagreed with our holding on the dispositive legal issues, reversed our decision, and affirmed the trial court's judgment. 329 Or 449, 988 P2d 378 (1999). However, on a petition for reconsideration, the Supreme Court agreed with defendant that neither our nor its earlier decisions disposed of defendant's sixth, seventh, eighth, and fourteenth assignments of error.[1] Consequently, the court remanded the case to us to consider those assignments. 330 Or 62, 996 P2d 501 (2000). After reviewing the four assignments, we conclude that none warrants reversal and only one warrants discussion.

Although plaintiff and his wife are the only insured persons under defendant's policy and the policy apparently purports to cover the full value of the insured premises, plaintiff and his wife have only a 55 percent interest in the property. Plaintiff's parents own the remaining interest.[2] Defendant moved for a partial directed verdict on the ground, as stated by its attorney at trial, that plaintiff's

"interest in the house is limited to 55 percent and any recovery should be limited to 55 percent [o]f the damages found proven by the jury."

In its sixth assignment of error, defendant contends that the trial court erred by denying that motion.

Defendant relies on the following provision in its policy:

---

[1] The court adhered to the other particulars of its first decision.

[2] The parents are not parties and have assigned their interests in the litigation to plaintiff.

"Even if more than one person has an insurable interest in the property covered, we will not be liable in any one loss:

"a.   for an amount greater than the interest of a person insured under this policy; or

"b.   for more than the applicable limit of liability."

In addition, defendant claims support in the following *dictum* from *Trans. Equip. Rentals v. Ore. Auto. Ins.*, 257 Or 288, 301, 478 P2d 620 (1970):

" 'If the insured has an insurable but only a qualified, partial, or limited interest in the property insured * * *, he may not recover the full value or an amount exceeding his actual interest in the res. * * * But the general rule is that the insured is limited in recovery to the value of his actual interest in the property insured.' " (Quoting 3 Richards on Insurance 1613, § 503; second ellipsis in original.)

Defendant concludes:

"Thus, under established Oregon law as well as the terms of Plaintiff's insurance contract, Plaintiff could recover no more than his share of the interest in the property. Because Plaintiff and his wife held only a 55 percent interest in the property, Plaintiff could not recover more than 55 percent of the loss."

Defendant's motion at trial and its argument here are to the effect that plaintiff is entitled to recover only the percentage of the actual covered damages that equals the percentage of his ownership interest in the property. However, neither the case authority nor—more importantly—the parties' contract are to the same effect. They simply state that an insured may not recover damages that exceed the amount of the insured's interest in the damaged property. They do not say that the insured's recovery is limited to a share of the actual damages that is proportional to the insured's interest in the property.

Notwithstanding that the contractual and judicial language on which defendant relies is to the contrary, it could still be argued that there is some logic to the principle that defendant posits. Be that as it may, that logic can arguably extend—at the farthest—only to structural or other damages to the property itself, as to which there is some correlation

between the amount of an insured's interest and the amount of his loss. However, not all of the damages that defendant covers or that plaintiff sought here were for losses of that kind. Plaintiff also sought to recover for clean-up costs and lost rent. There is no automatic connection between the value of plaintiff's share of the property and the share of those losses that he may have sustained. Defendant's motion for a partial directed verdict applied to all of "the damages found proven by the jury." The trial court did not err in denying the motion.[3]

Affirmed.

---

[3] Although both parties use the term "insurable interest" in their arguments under the sixth assignment, we do not understand defendant to contend that plaintiff does not have an insurable interest (as distinct from compensable losses) in the entire property. Such a contention would of course be untenable. *See Avrit v. Forest Industries Ins. Exchange*, 72 Or App 571, 696 P2d 583 (1985).