**Evangeline SALVADOR, Plaintiff,**

v.

**ALLSTATE INSURANCE CO., Defendant.**

No. CIV.00–1491.

United States District Court, D. Oregon.

April 4, 2001.

Robert E.L. Bonaparte, Bonaparte & Bonaparte, Portland, for Plaintiff.

Dianne K. Dailey, Bullivant Houser Bailey, Portland, for Defendant.

## OPINION AND ORDER

JELDERKS, United States Magistrate Judge.

Plaintiff Evangeline Salvador brings this diversity action against defendant Allstate Insurance Company. At issue is whether Allstate's "Deluxe Homeowners Policy" covers damage to the dwelling resulting from, *inter alia,* a tenant's operation of a methamphetamine laboratory. Allstate contends that the policy excludes coverage for this loss.

Each party has moved for partial summary judgment on the narrow issue of whether the exclusionary language in the policy violates ORS 742.246(2), which provides that:

(2) Any provision restricting or abridging the rights of the insured under the policy must be preceded by a sufficiently explanatory title printed or written in type not smaller than eight-point capital letters.

The explanatory title in the policy issued to Plaintiff Salvador is printed in twelve-point type containing a mixture of upper and lower case letters.

Plaintiff argues that the title must be printed entirely in capital letters, not less than eight-point in size, hence the policy at issue here violates the statute. Defendant counters that the statute permits the use of upper or lower case letters, so long as all letters used are at least as large as an eight-point capital letter.

Although this section can be traced back to at least 1945,[1] the parties have not cited any published opinion interpreting the eight-point type requirement. In *Fleming v. United Services Automobile Ass'n,* 329 Or. 449, 988 P.2d 378 (1999), the court stated that ORS 742.246(2) "requires the title to be set out in capital letters of a particular size." *Id.* at 457, 988 P.2d 378. However, that statement was dictum, and the court reverted to the statutory language in its subsequent decision on reconsideration. *Fleming,* 330 Or. 62, 69, 996 P.2d 501 (2000). In *Schnitzer v. South Carolina Ins. Co.,* 62 Or.App. 300, 661 P.2d 550 (1983), the relevant language was "written in eight-point capital letters," so the court did not need to interpret this provision. The parties have not pointed to

---

1. 1945 Oregon Laws, ch. 237, sec. 3.

any relevant legislative history that sheds light on the correct interpretation of the statute.

In a diversity action, this court's task is to predict how the Oregon Supreme Court would likely resolve this question. In recent years, Oregon appellate courts have employed a method of statutory interpretation that focuses on the literal language of the statute, often with the aid of a dictionary. *See, e.g., Duvall v. McLeod,* 331 Or. 675, 21 P.3d 88 (2001).

If faced with this question, the Oregon Supreme Court would likely hold that ORS 742.246(2) permits the use of either upper or lower case letters, or a mixture of both, so long as each letter is at least as large as an eight-point capital letter. Accordingly, I hold that the policy provision in question does not violate ORS 742.246(2) simply because the explanatory title contains both upper and lower case letters.

The decision is made somewhat easier in the instant case because the title is conspicuously printed in large blue letters, with the first letter of each word capitalized, while the text that follows is in black ink with predominantly lower case letters. Consequently, the title stands out, as well as being printed in a size that is easy to read. The intent of the statute is obviously to prevent exclusions from being "hidden" in fine print in the policy, and these exclusions are clearly set forth as exclusions.

## CONCLUSION

Plaintiff's motion (# 13) for partial summary judgment is DENIED. Defendant's cross-motion (# 19) for partial summary judgment is GRANTED.