**Filed: November 8, 2012**

IN THE SUPREME COURT OF THE STATE OF OREGON

STATE OF OREGON,

Respondent on Review,

v.

RONALD MARCUS LEISTIKO,

Petitioner on Review.

(CC C072939CR; CA A141169; SC S059191)

En Banc

On petitioner on review's petition for reconsideration filed August 27, 2012; considered and under advisement on October 10, 2012.

Meredith Allen, Sr. Deputy Public Defender, Office of Public Defense Services, Salem, filed the petition for reconsideration for petitioner on review. With her on the petition for reconsideration was Peter Gartlan, Chief Defender.

No appearance *contra*.

KISTLER, J.

The petition for reconsideration is allowed. The former opinion is adhered to as modified.

*352 Or 172, 282 P3d 857 (2012); on review from the Court of Appeals, 240 Or App 338, 246 P3d 82 (2011).

KISTLER, J.

Defendant has petitioned for reconsideration of our decision in *State v. Leistiko*, 352 Or 172, 282 P3d 857 (2012).  He argues that we erred in two respects.  He contends initially that we erred in stating that he had not pursued two issues on review that he had raised in the Court of Appeals.  He also contends that we erred in not deciding whether the admission of evidence of an uncharged rape affected the jury's determination that he had committed crimes other than rape.  We allow defendant's petition for reconsideration, modify our original opinion, and adhere to our opinion, as modified.

Regarding the first issue that defendant raises, our opinion noted:

> "Defendant also argued that the trial court had erred in denying a motion to suppress and in failing to require jury unanimity.  The Court of Appeals rejected those arguments without discussion.  Defendant does not pursue those arguments on review."

*Leistiko*, 352 Or at 177 n 4.  In his petition for reconsideration, defendant notes that the last sentence in the footnote -- that he "does not pursue those arguments on review" -- could be understood to mean that he had abandoned his arguments regarding the motion to suppress and jury unanimity, which could affect his ability to pursue those issues in later seeking federal habeas corpus relief.  As defendant correctly observes, he raised both those issues in his petition for review.  However, we limited the issues on review to the admission of the uncharged misconduct evidence, and defendant accordingly pursued only that issue in his brief on the merits in this court.  We modify footnote four to make that point clear.[1]

---

[1]    In clarifying what defendant sought to raise on review, we express no

Regarding the second issue that defendant raises on reconsideration, the state charged defendant with three separate counts of first-degree rape involving three victims. *Id.* at 174. The jury convicted him of two of those counts. *Id.* at 177. The jury also convicted him of "11 other counts, including strangulation, second-degree kidnapping, prostitution, fourth-degree assault, and furnishing alcohol to a minor." *Id.* at 174 n 2. Finally, defendant pleaded guilty to stalking and harassment. *Id.* On review, defendant argued, and we held, that the trial court erred in permitting a fourth woman to testify that defendant had forced her to engage in sexual intercourse. In considering the effect of that ruling on defendant's convictions, we noted that defendant had asked "that his 'convictions' be reversed, but he has not specified which convictions, other than his two first-degree rape convictions, may have been affected by the error." *Id.* at 189. In the absence of any argument that the error had affected any conviction other than the two rape convictions, we declined to disturb defendant's remaining 13 convictions. *Id.*

In his petition for reconsideration, defendant contends that he argued both in his brief on the merits in this court and in his opening brief in the Court of Appeals that the erroneous admission of the evidence affected not only his two rape convictions but also his other convictions. We have reviewed both briefs and reach a different conclusion.[2] Defendant argues alternatively that, even if he previously had not raised the

_____

opinion on whether defendant preserved a Fourth Amendment claim in moving to suppress or whether a Fourth Amendment claim, if preserved, would be cognizable in federal habeas.

[2] On reconsideration, defendant relies heavily on his brief in the Court of Appeals to show that he argued that the erroneously admitted evidence affected all his

effect of the admission of the uncharged rape on his other convictions, he is raising the issue in his petition for reconsideration and we should address it now. We decline, however, to address that alternative argument, which defendant has made for the first time on reconsideration. *See Fleming v. United Services Automobile Assn.*, 330 Or 62, 65, 996 P2d 501 (2000) (stating the general rule that the court will not address arguments raised for the first time on reconsideration). We accordingly modify our opinion in *Leistiko* only to clarify the last sentence in footnote four and adhere to the opinion, as modified.

The petition for reconsideration is allowed. The former opinion is adhered to as modified.

---

convictions. We note that only one section of defendant's brief in the Court of Appeals addressed whether the admission of evidence that he raped the fourth woman affected his convictions. Defendant captioned that section as follows: "The evidence likely affected the jury's consideration of the most hotly contested issue of the trial: whether defendant intended to rape the victim." (Boldface type omitted.) In arguing that the evidence affected the jury's determination that he "intended to rape the victim," defendant did not identify any other charges that the erroneously admitted evidence was likely to have affected, nor did he explain why the fourth woman's testimony was likely to have affected the other charges. His brief on the merits in this court is similarly limited.