Argued and submitted April 22, reversed and remanded May 29, 2014

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JUAN DE DIOS CRUZ-ROJAS,
aka Juan Cruz De Dios Rojas,
*Defendant-Appellant.*

Marion County Circuit Court
11C48848; A150375

328 P3d 734

Lindsey K. Detweiler, Deputy Public Defender, argued the cause for appellant. With her on the briefs was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Jennifer S. Lloyd, Attorney-in-Charge, argued the cause for respondent. On the brief were Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Laura S. Anderson, Senior Assistant Attorney General.

Before Sercombe, Presiding Judge, and Hadlock, Judge, and Tookey, Judge.*

PER CURIAM

---

* Tookey, J., did not participate in oral argument, but subsequently listened to the recording of argument.

## PER CURIAM

Defendant appeals a judgment convicting him of four counts of first-degree rape, ORS 163.375; four counts of first-degree sexual abuse, ORS 163.427; one count of first-degree sodomy, ORS 163.405; and three counts of fourth-degree assault, ORS 163.160. Defendant assigns error to the trial court's denial of his pretrial motion to exclude evidence of his physical and sexual abuse of the victim's older sister, T. In particular, the trial court ruled, based on our decision in *State v. Leistiko*, 240 Or App 338, 246 P3d 82 (2011), *rev'd in part and aff'd in part*, 352 Or 172, 282 P3d 857, *adh'd to as modified on recons*, 352 Or 622, 292 P3d 522 (2012), that the evidence was admissible because it was "relevant to rebut the [d]efendant's theory that the victim in this case consented to * * * sexual activity with the [d]efendant."

On appeal, defendant asserts that the evidence was not admissible under OEC 404(3)[1] because it was not relevant to prove that the victim did not consent to defendant's conduct or that defendant intended to forcibly compel the victim. *See State v. Johns*, 301 Or 535, 548, 725 P2d 312 (1986) (OEC 404(3) prohibits the admission of other crimes evidence if it is offered to prove the character of a person and that the person "acted in conformity therewith"). At oral argument, the state conceded, and we agree, that, under the Oregon Supreme Court's decision in *Leistiko*, the trial court erred in admitting the evidence to demonstrate the victim's lack of consent. Furthermore, as the state conceded at oral argument, under *Leistiko*, the evidence could not be properly admitted in this case to demonstrate defendant's intent with respect to forcible compulsion and, based on the limited way the record in this case was developed, we cannot affirm on the alternative grounds advanced in the state's brief. Again, we agree with the state's concessions.

---

[1] Under OEC 404(3),

"[e]vidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

For the first time at oral argument, the state observed that, as a result of his stipulations at trial, defendant is subject to conviction for several lesser-included offenses on which the jury was instructed. We decline to address that issue, except to note that the parties will have an opportunity on remand to litigate the consequences of defendant's stipulations.

Reversed and remanded.